DANIEL GRIFFIN *vs.* GEORGE W. FARRIER and another.

November 29, 1884.

**Vendor and Purchaser — Fraudulent Representations as to Value— Action.**—An action will lie for fraudulent representations made by the vendor of land as to its value and situation, the land being at a distance from the place of sale, the vendee being ignorant as to the value and situation, and being purposely and by a fraudulent device induced to purchase, relying upon the truthfulness of such representations.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*Babcock & Davis,* for appellants.

*Burton & Grimes,* for respondent.

DICKINSON, J. Under ordinary circumstances an assertion by an owner of property, offered for sale, as to its value, although false, does not charge the vendor with legal responsibility, for the reason that it will rarely occur that a party to a contract of sale has been induced without culpable negligence on his own part to enter into it in reliance upon the expressed opinion of the adverse party as to the value of the property. Misrepresentations, in order to constitute actionable fraud, must be as to material facts of a nature to affect the conduct of others; and, generally, a mere statement of an opinion is not

enough. But where one having, or assuming to have, knowledge of the value of property, negotiates for the sale of it with one who is known to be ignorant of it, and without equal means of knowledge with the other party, and who is purposely induced by that other party to rely upon his fraudulent representations as to its value, an action will lie for the deceit. 2 Pomeroy, Eq. Jur. § 878; *Wilder* v. *De Cou*, 18 Minn. 421, (470;) *Haygarth* v. *Wearing*, L. R. 12 Eq. Cas. 320; *Simar* v. *Canaday*, 53 N. Y. 298, 306; *Chrysler* v. *Canaday*, 90 N. Y. 272; *Cruess* v. *Fessler*, 39 Cal. 336; *Kost* v. *Bender*, 25 Mich. 515; *Picard* v. *McCormick*, 11 Mich. 68. And especially is there liability where, by some trick or artifice, the vendee has been induced to trust in such representations. *Burr* v. *Willson*, 22 Minn. 206; *Chrysler* v. *Canaday, supra*; *Van Epps* v. *Harrison*, 5 Hill, 63.

The facts, as determined by the verdict, bring this case within the rule of liability. They may be stated to be, in substance, as follows: The plaintiff was a stranger, residing in Iowa. He came to Minneapolis, and there purchased from the defendants a lot of land situated in Brown's Valley, some 200 miles distant. The plaintiff had no knowledge of the value or situation of the property. The defendants represented it to be of the cash value of $300, and that it was situated close to the business part of the town. In fact, its value was not more than $30, and it was situated at the extreme limit of the village. The defendants, during the negotiation, called in an apparent stranger to the transaction, to represent to the plaintiff the value of the property. He professed to have recently been at Brown's Valley, and stated that the lot had been sold for $250 cash. It had been sold for only $40. The circumstances warranted the jury in believing that the bringing in of this stranger was a fraudulent trick to deceive the plaintiff by means of apparently disinterested statements regarding the value of the land from one who was, in reality, an agent of the defendants, and that the representations of the defendants themselves were fraudulent. It is just that they should respond in damages. A further ground of liability is the misrepresentation as to the situation of the lot. *Porter* v. *Fletcher*, 25 Minn. 493; *Perkins* v. *Partridge*, 30 N. J. Eq. 82; *Van Epps* v. *Harrison, supra*.

Order affirmed.