D. G. BUSH et al. surviving partners, v. JOHN H. HALL.

*Counter-claim—Judgment.*

1. Where plaintiff sues on a note, and the defendant admits the cause of action, but pleads a counter-claim sounding in damages, which is the only matter tried before the jury, who find a verdict in the defendant's favor, the amount of the note sued on by the plaintiff must be deducted from the damages given by the jury, and judgment only entered for the balance.

2. Upon appeals, the Supreme Court will enter such judgment or decree, as upon inspection of the whole record, it shall appear, ought to be rendered.

CIVIL ACTION, tried before *Gudger, Judge,* and a jury, at March Term, 1886, of the Superior Court of PASQUOTANK county.

The complaint alleges the non-payment of a promissory note due them by defendant, a copy whereof is set out, in the sum of $696$\frac{73}{100}$, bearing date the 23d day of December, 1881, and maturing ninety-seven days thereafter: and the plaintiffs demand judgment therefor. The pleadings were protracted and amended, but in the defendant's answer, he admits the execution of the note and his liability to the plaintiffs, but in extinction of the debt, sets up a counter-claim for damages. He alleges that the plaintiffs are the surviving members of the partnership firm of Conrow, Bush and Lippincott, the first named of whom, Thornton Conrow, as described in the summons, is dead.

That in May, 1868, the members of said firm entered into a written contract with him, wherein they leased to him at an annual rent of $500, a large portion of land known as the Great Park Estate, for the term of seven years, and further agreed, to convey the entire tract of 10,000 acres to him, should he so elect to purchase, at the price of four dollars per acre, and for his quiet and peaceful possession and enjoyment of the premises meanwhile; in which agreement, subsequent modifications were made, copies whereof form exhibits in the case.

That, under the agreement, the defendant occupied, and at great expense in clearing, ditching, cultivating, and putting up buildings, improved the land, as required of him in the agreement, and gave the note sued on in part, for the stipulated rents.

That while in possession, and thus employed, the defendant was evicted from the premises, in an action brought by one Joseph S. Cannon, under a paramount title, against the lessors, in enforcing a mortgage made by them, at the time of their own purchase from him; and that thereby, great damage and loss were sustained by the defendant, to-wit, $10,000, for which judgment is demanded. At Spring Term, 1885, the "counter-claim and account" were referred, without prejudice, to a commissioner, and he was directed to report his findings of law and fact.

The referee made his report at Fall Term, 1885, of the evidence, and his findings, from which, it appears, that the defendant expended in improvements, $3,990$\frac{67}{100}$, the increased value imparted to the land, by means of which, does not exceed the rental value; that neither has been ready or able to comply with their respective stipulations, and no damages are due defendant.

The referee further finds, that the defendant is indebted to the plaintiffs upon the said note, in the sum of $696$\frac{73}{100}$, principal money, with interest from April 1st, 1882. Numerous exceptions were taken by the defendant to the report referable to the counter-claim, and upon his demand, certain issues were framed and submitted to the jury, which, with the responses to each, are as follows:

1. Did the plaintiff comply with the contract with defendant, described in his complaint? Answer: No.

2. Were they at any time able to comply with the same? Answer: No.

3. Was defendant able to comply with his? Answer: Yes.

4. Was he prevented from so doing by the plaintiffs? Answer: Yes.

5. Did defendant, Hall, offer to perform his part of the contract? Answer: Yes.

6. What damages has defendant Hall sustained? Answer: $4,196.67.

7. Was Mr. Hall evicted from the premises. Answer: Yes.

There was a judgment upon this verdict for the defendant, and the plaintiffs appealed.

*Mr. W. J. Griffin*, for the plaintiffs.
*Mr. E. F. Aydlett*, for the defendant.

SMITH, C. J. (after stating the facts.) The only error assigned in the argument, in this Court, is in the judgment, rendered for the full amount of the counter-claim, and in disregard of the debt due the plaintiffs upon the undisputed note, the original cause of action. It is suggested for the appellee, that the amount due the plaintiffs was deducted by the jury from the damages ascertained, and that the sum found in response to that issue, is the excess of the damages. The counsel do not agree, that the jury acted upon any such instruction, and as it was not appropriate to the inquiry in which the response was returned, it does not find any countenance in the record.

We must be governed entirely by the latter. There was no controversy about the note, and the sole issue, assuming the defendant, upon the other findings, to be entitled to damages, was, "What damages has defendant Hall sustained?"

The case is a simple one. The plaintiffs' demand is admitted, the damage sustained by reason of the violations of the terms of the contract of lease, on the part of the plaintiffs, are assessed at $4,196\frac{67}{100}$, a sum slightly above the estimate made by the referee of the defendant's expenditures.

The latter must be reduced by the lesser sum, and judgment rendered in favor of defendant for what remains.

The appeal vacates the judgment, and there being error in it, this Court will proceed to "render such sentence, judgment and decree as *on inspection of the whole record it shall appear to them, ought, in law, to be rendered thereon.*" The Code, §957.

Judgment, thus modified, will be entered for the defendant. The plaintiffs will pay the costs of the appeal to this Court, and the defendant, the costs incurred in the Court below, as there adjudged.

Error.                                           Modified.