JOHN BUSTERUD *vs.* GILSON F. FARRINGTON.

January 3, 1887.

**Essentials of Action for Deceit.**—An action for deceit lies against one
who makes a false representation of a material fact susceptible of knowl-
edge, knowing it to be false, or as of his own knowledge when he does
not know whether it is true or false, with intention to induce the per-
son to whom it is made, in reliance upon it, to do or refrain from do-
ing something to his pecuniary hurt, when such person, acting with
reasonable prudence, is thereby deceived and induced to so do or refrain,
to his damage.

**Same—Person making Representation need not be Benefited.**—It is
not necessary to the action that the person making the representation
should derive any benefit from the deceit, or collude with the party who
is benefited.   A person not a vendor of the thing with reference to the
sale of which he makes a false representation of the value thereof, is re-
sponsible for such representation.

**Same—Representation as to Matters affecting Value of Property.**—
A false representation as to the condition, quality, or other matters af-
fecting the value of property of which the person to whom the represen-
tation is made, is contemplating a purchase, is a false representation as
to material facts.

Action for deceit, brought in the district court for Hennepin county.
The complaint alleges, in substance, these facts:   The plaintiff was
in negotiation with one Edwards for an exchange of a lot belong-
ing to plaintiff in Minneapolis for a lot belonging to defendant in
Grand Rapids in Cass county which Edwards offered to have conveyed
to plaintiff.   The plaintiff made inquiry of the defendant as to the lo-
cation and value of the Grand Rapids property.   The defendant, with
intent to defraud plaintiff and to induce him to make the exchange,
made to plaintiff the following representations, each of which was false
and was known to defendant to be false: that he was well acquainted
with the location and value of the lot in Grand Rapids; that it was
worth and would sell in market for $400; that lots near it and of no
greater value had been sold for $500; that he had sold an undivided
third interest in water power in the village for $2,000 in cash; that

seven saloons were located and doing business in the village, and 1,300 votes had been cast there, by residents thereof, at the last presidential election. The defendant also exhibited a pretended plat of the village, and pointed out upon it the pretended location of a railway station and other buildings, which he falsely stated had been erected in the village, and pointed out a small piece of land which he said he had sold for $1,300 cash. Plaintiff had never been at Grand Rapids, and knew nothing of that village or the value of lots therein, and he so informed the defendant, and also told him that in buying any property there he should rely wholly on the information then given him by the defendant. Believing and relying on defendant's representations, the plaintiff made the exchange, and afterwards learned that when the representations were made, the so-called village was waste land, without a railroad, water power, a building, public or private, a saloon, a voter, or an inhabitant; that it was many miles from any city or village; that the land in it never had any value except for the pine growing thereon, of which it had, however, been stripped before the representations were made. Plaintiff's lot that he conveyed in exchange was worth $400, at which sum he lays his damages.

A demurrer to this complaint was sustained by *Young,* J., and the plaintiff appealed.

*Brooks & Hendrix,* for appellant.

*Russell, Emery & Reed,* for respondent.

BERRY, J. An action for deceit lies against one who makes a false representation of a material fact susceptible of knowledge, knowing it to be false, or as of his own knowledge when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do or refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain, to his damage. Bigelow on Torts, §§ 1–6; Grinnell, Law of Deceit, 45, 46; *Wilder* v. *De Cou,* 18 Minn. 421, (470;) *Litchfield* v. *Hutchinson,* 117 Mass. 195; *McAleer* v. *Horsey,* 35 Md. 439; *Humphrey* v. *Merriam,* 32 Minn. 197, (20 N. W. Rep. 138.) It is not necessary to the action that the person making the representa-

tion should receive any benefit from the deceit, or that he should collude with the party who is benefited. *Pasley* v. *Freeman*, 3 Term R. 51; *Upton* v. *Vail*, 6 John. 181, (5 Am. Dec. 210;) *Hubbard* v. *Briggs*, 31 N. Y. 518; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Medbury* v. *Watson*, 6 Met. 246, (39 Am. Dec. 726.) "The *gravamen* of the charge is that plaintiff has been deceived, to his hurt, not that the defendant has gained an advantage." *Fisher* v. *Mellen*, 103 Mass. 503.

A. vendor's false representation of the value of a thing which he proposes to sell, is ordinarily not actionable, (*Wilder* v. *De Cou, supra,*) though it may be so under special circumstances. *Griffin* v. *Farrier*, 32 Minn. 474, (21 N. W. Rep. 553.) But this immunity is not extended to a person not a vendor. He is held responsible generally for a false representation of value; the excuse of interest, and of the natural disposition of men to overestimate their own property, not being allowed in this case. Grinnell, Law of Deceit, 41–45, 50–52, 64; *Medbury* v. *Watson, supra.* A false representation as to the condition, quality, or other matters affecting the value of property, of which the person to whom the representations are made is contemplating a purchase, is a false representation as to material facts; that is to say, of facts material to the purchaser with reference to the question whether the purchase will be for his advantage. Bigelow on Torts, 17; *Litchfield* v. *Hutchinson, supra; McAleer* v. *Horsey, supra;* Grinnell, Law of Deceit, 38–40.

The complaint in the action at bar amply states a case within the foregoing rules, and the order sustaining the general demurrer to such complaint is accordingly reversed.