MICHAEL DORAN *vs.* SAMUEL S. EATON and another.

January 14, 1889.

**Evidence—Market Value.**—On the question of value of personal property, evidence that it has no market value, where it does not appear that such property was ever offered for sale, is immaterial.

**Sale— Deceit — Expressions of Opinion.**— Opinions or expectations as to the value or prospective value of property, expressed by the seller to the buyer, cannot, ordinarily, be made the basis of an action for false representations.

**Instruction to Jury—Verbal Inaccuracies.**—Certain verbal inaccuracies in the instructions to the jury *held* to have been cured by the tenor of the entire instructions.

Deceit—Failure to prove Damage.—Where, in an action for false represen-
tations to induce plaintiff to subscribe for stock, the bill of exceptions
shows that there was evidence tending to show that the stock was worth
as much as it would have been worth had the representations been true,
the question whether the plaintiff sustained any damages is properly left
to the jury.

Plaintiff brought this action in the district court for Ramsey
county to recover damages for alleged fraudulent representations,
alleged to have been made by defendants, inducing the plaintiff to sub-
scribe and pay for certain mining stock. The answer denied that
defendants made any of the alleged representations, or that the same
were false, or that plaintiff relied upon them, and denied that plain-
tiff had been damaged in any sum. The action was tried before
*Wilkin*, J., and a jury, and defendants had a verdict. A motion on
a bill of exceptions for a new trial was denied, and the plaintiff
appealed. Upon the trial the court excluded evidence offered to
show that at the time plaintiff subscribed for his stock, it had no
market value at St. Paul, Minneapolis, or elsewhere, it not appear-
ing that the stock had ever been upon the market.

*Henry C. James,* for appellant.

*W. D. Cornish,* for respondents.

GILFILLAN, C. J.   The evidence offered that the stock had no mar-
ket value, without evidence that it had ever been offered for sale,
was of course inadmissible; for while it is true that ordinarily, and
as a general rule, market value—that is, the value in the markets
where personal property is bought and sold— is the proper measure
of actual value, it is idle to inquire what is the market value of any
article in places where such articles were never bought and sold, nor
offered for sale.   Such articles, of course, have no market value, and
can have no market value, in such places; and the fact that they
have not has no bearing on their actual value, any more than would
the fact that they have never been offered for sale.

What the defendant Mead said to the witness De Graff, excluded
by the court, was not a statement of fact, but rather the expression
of an opinion or an expectation as to matters which might affect the
value, such as the law, in deference to the universal habit and prac-

tice of mankind, permits men to make in commending property offered for sale, and as to which the buyer (unless there be peculiar relations of trust and confidence between him and the seller) must rely upon his own judgment.

It is unnecessary to consider whether the books of the corporation were admissible, for the bill of exceptions does not show what they contained, and so it is impossible for us to see how their admission could have been of any prejudice to the appellant. We do not review rulings of the trial court unless they may have injuriously affected the rights of the party complaining.

The appellant selects for one assignment of error the statement of the court in its general charge that the rule of damages in actions of this kind is "the difference between the stock as it was, and as it would have been if the facts were as represented." And for another assignment, an instruction given, on defendants' request, that, "if the representations would not have affected the value of the stock, then the plaintiff has not been damaged, and your verdict should be for the defendants." There is a verbal inaccuracy in each of these, but the former was corrected, not only by what follows in the charge, from which the jury must have understood that the difference referred to was in the value of the stock, but an explicit instruction, given on defendant's request, that the measure of damages "is the difference between the value of the stock as it was, and what it would have been worth if the facts had been as represented," surely prevented any misapprehension on the point by the jury, and gave them the correct rule for estimating the damages. As the verdict established that there was no cause of action, of course there could be no punitive damages; and, even if the court had omitted to charge, or had charged wrongly (which was not the case) in respect thereto, there could be no prejudice. Appellant seems to claim that from the other inaccurate instruction, to wit, "if the representation would not have affected the value of the stock, then the plaintiff has not been damaged," the jury would understand that before they could find for plaintiff they must find that the actual value of the stock was affected —that is, increased or diminished in fact—by the representations made by defendants to plaintiff. It would, of course, be impossible

that it should be so affected, and it cannot be supposed that the jury so understood the court. The plaintiff's estimate or belief as to the value of the stock might be affected by the representations, or the fact represented might have affected such value, and it was in one of these senses alone that the jury could have understood the instruction. This is especially apparent from the general charge, in which the rule of law as to what constitutes a cause of action in such a case is so accurately, clearly, and explicitly stated that the jury could not have been misled by the inaccurate or defective expression referred to.

On the trial, plaintiff made several requests for instructions to the jury, to the effect that if, to induce plaintiff to subscribe for the stock, the defendants made certain representations to him, (those alleged in the complaint, and tending to prove which evidence was given,) that the representations were false, but that the plaintiff, relying upon the representations, was thereby induced to and did take and pay for the stock, then the verdict should be for plaintiff; which instructions the court gave, adding, however, the words, "if you find that he sustained damages thereby." The addition of those words is alleged as error. The bill of exceptions states that the defendants gave evidence tending to show that the stock was worth all it would have been had the representations been true. If the facts were in accordance with that evidence, then plaintiff sustained no damage, and, of course, no cause of action accrued to him; for a party cannot sustain an action for false representations from which no harm has come to him. Deceit and injury must concur. As to one of the representations, to wit, that as to the indebtedness of the corporation, it is difficult for us to see how it could be that the stock was worth as much with a debt resting on the corporation as it would have been worth without such debt, yet we cannot say it is impossible. We are therefore bound by the statement in the bill of exceptions that the evidence tended to show it.

Order affirmed.