JUNIUS F. ROGERS èt al. v. THE BANK OF OXFORD.

*Interest — Usury — Contract — Bond — Consent — Reference— Motion — Exception — Penalty for Usury—Statute of Limitations.*

1. An order of reference entered by the Court without objection from either side is "by consent." The facts found were approved by the Court, and are not reviewable in this Court.

2. When, at the final report of a referee, a party moved to exclude certain charges or items, this will be treated as an exception thereto, and there can be no question as to the motion being in apt time, as no objection by the other side was made.

3. An action to recover the penalty for usury must be brought within two years from the time the usury was paid.

4. In an action by a firm and their surety to a contract to secure a balance due after advancements made, brought against a bank for an account and settlement, and also to stop the foreclosure of a mortgage executed by one of the firm to further secure the said balance: *Held,* (1) that more than two years having elapsed since the cause of action accrued, the penalty for usury could not be recovered; (2) that, as between the bank and the firm, the usurious transactions were separate and distinct from the indebtedness of the firm, not necessary to the ascertainment of the balance, and that relief to the extent of the usurious interest charged could not be granted; (3) that in ascertaining the balance for which the obligors on the bond are liable, as such, only six per cent. interest can be charged, and after the balance is ascertained eight per cent. thereon, according to the contract; (4) that, as against the surety, six per cent. should be charged in ascertaining the balance, and eight per cent. thereafter, according to the contract,

This was a CIVIL ACTION, tried at November Term, 1890, of GRANVILLE Superior Court, before *MacRae, J.*

The plaintiffs executed to the defendant a bond, whereof the following is a copy:

"$5,000.          OXFORD, N. C., Nov. 1, 1886.

"For value received, we, John B. Booth, J. F. Rogers and C. M. Rogers, hereby acknowledge ourselves jointly and sev-

erally bound to the Bank of Oxford in the sum of five thou-. sand dollars, and hereby also bind our heirs, executors, administrators and assigns.

"Witness our hands and seals, the day and date above written.

"The foregoing obligation is made to secure the Bank of Oxford for such amounts, not exceeding five thousand dollars, as it may advance to said John B. Booth and J. F. Rogers, firm of Booth & Rogers, who propose to trade and deal in leaf tobacco. . The amount due at any time shall be evidenced by the account which the Bank of Oxford agrees to open with said Booth & Rogers, and is to include and secure all amounts drawn by them for any purpose whatsoever. All advances under this agreement may be discontinued by the Bank of Oxford upon three days' notice, and the account shall stand for settlement in fifteen days thereafter, when the balance shall be considered due and payable. If not paid, interest thereafter shall be at eight per cent. per annum. This agreement terminates on the 31st day of October, 1887, and the obligors hereto shall be held bound for whatever balance may then appear to be due the said Bank of Oxford, with interest thereafter at the rate of eight per cent. per annum.

"Witness:     JOHN B. BOOTH,     [Seal.]
              J. F. ROGERS,     [Seal.]
              C. M. ROGERS."     [Seal.]

The defendant had loaned to Booth & Rogers, the firm mentioned therein, large sums of money before the date of this bond, and it claimed a considerable balance as due it from them at that time on account of former dealings. As contemplated by the bond, the defendant advanced to the firm large sums of money between its date and the time the agreement therein specified terminated. It charged the firm interest for the money it loaned them from time to time at

the rate of twelve per centum per annum, and this was charged and paid monthly.

In addition to the bond above set forth, the plaintiff B. F. Rogers executed to the defendant a mortgage of a valuable tract of land to secure it as to moneys it might advance to the said firm.

The defendant claimed that the firm mentioned owed it a large balance on account of such advancements, and was proceeding to sell the land embraced by the mortgage referred to by virtue of a power of sale therein contained to pay such balance. The plaintiffs brought this action to prevent such sale and compel the defendant to an account and settlement of the dealings and transactions between them and it, alleging that they owed it very little, if anything, etc. The defendant admitted some of the allegations of the complaint, and denied many of the material ones. The sale of the land was stayed, pending the action by injunction.

The Court in the course of the action, by order, appointed a referee to find the material facts and to take and state an account, and make report of the same. Accordingly the facts were found, the account stated and report thereof filed. The defendant filed exceptions thereto, which the Court overruled. At a subsequent term, on the coming in of an amended report, the plaintiffs did not file formal exceptions, but filed a motion in writing, objecting to sundry items of charge, and among these, charges of usury exacted by the defendant, etc. The Court overruled the motion thus made, confirmed the report, gave judgment in favor of the defendant for the balance as ascertained to be due from the plaintiffs, and directed a sale of the land mentioned, etc. The plaintiffs having excepted, appealed to this Court.

*Messrs. R. H. Battle, M. V. Lanier* and *N. B. Cannady*, for plaintiffs.

*Messrs. L. C. Edwards* and *J. B. Batchelor*, for defendant.

MERRIMON, C. J.: The order of reference to find the material facts and state the necessary account was entered by the Court without objection from either of the parties. It was, therefore, entered by consent. The referee filed his report and the defendant, having filed exceptions thereto, they were overruled. There was a re-reference and an amended report. The Court approved the findings of fact. These findings are not reviewable here. *Wadesboro* v. *Atkinson*, 107 N. C., 317, and cases there cited.

The plaintiffs did not formally file exceptions to the report of the referee, but at the term when the final amended report was filed they "moved" without objection, so far as appears, to exclude certain items of charge and other charges of interest, which the plaintiffs insisted represented certain usury exacted from them by the defendant. This motion in writing embraced several specified objections to the report, and it was in effect exceptions thereto, and should have been so treated. It served the purpose of exceptions as effectually as if it had been so called. It was insisted on the argument that if it should be treated as exceptions they were not made in apt time. They were made at the term when the completed report was filed. But if it be granted that they should have been made when the report was at first filed, there was no objection to filing them on the part of the defendant, and the Court entertained and overruled them. This had the effect to cure any irregularity as to the time of filing the same. So that such exceptions must be treated, for all pertinent purposes, as having been made.

But if such exceptions had not been filed, it was, nevertheless, competent for the plaintiffs to move, and insist before the Court, that it should, upon the record, including the findings of fact and the report, enter a particular judgment asked for by them, and if the Court had declined to grant the same they might have assigned error. The defendant

108—37

might have done the like. This is so, because it was the duty of the Court to inspect the whole record and enter such judgment as it would properly warrant. Indeed, in such case the appellant might take advantage of error in the judgment in this Court, in the absence of any formal assignment of error, if the error appeared on the face of the record. *The Code*, § 957; *Thornton* v. *Brady*, 100 N. C., 38; *Bush* v. *Hall*, 95 N. C., 82; *State* v. *Watkins*, 101 N. C., 702; *McKinnon* v. *Morrison*, 104 N. C., 354.

One leading purpose of this action is to compel an account and settlement of the dealings and transactions between the plaintiffs Booth and J. F. Rogers, trading and doing business as partners under the name of Booth & Rogers, and the defendant, during the whole period, beginning on the 11th day of November, 1885, and ending at the time of taking the account. Adverting now to this view of the case, it appears from the report of the referee that the defendant exacted from the firm considerable sums of usury. The plaintiffs insist that such sums shall be placed to their credit in stating the account. The defendant, on the contrary, objects and contends that this cannot be done, because, granting that the usury was exacted, it was actually paid by the firm more than two years next before this action began, and, moreover, its exaction and payment was a transaction concluded, distinct, separate and apart from the indebtedness of the firm to the defendant on account of money advanced to them from time to time. It certainly appears that the defendant charged the firm interest daily on balances in their favor at the rate of twelve per centum per annum, and at the end of each month they paid the same by their check on their deposit with the defendant. It is clear that the firm gave their check from time to time, and the defendant received the same as payment for the interest so exacted. The mere fact that the firm paid such rate of interest reluctantly—did not want to do so—could not defeat the purpose

of payment and the legal character of the transaction. The exaction was illegal, and the firm might afterwards have recovered back twice the amount of interest so paid if it had brought its action for the purpose within two years next after such payment; but it did not do so, and it is now too late. *The Code,* § 3836. It was insisted on the argument that the Court, in the exercise of its jurisdiction in equitable matters, could and would grant relief to the extent of the usury exacted. This it might do, if the interest had not been actually paid as a transaction separate and distinct from the indebtedness of the firm to the defendant. There was a clear purpose of the parties to treat the matter of interest as apart and distinct from the advancement of money to the firm, however reluctantly the latter paid the usurious rate. *Cobb* v. *Morgan,* 83 N. C., 211.

A second purpose of the action is to ascertain and determine the measure of the liability of the plaintiffs to the defendant upon the bond specified in the pleadings. It was contemplated and expected by the parties that the defendant would, from time to time between the 1st day of November, 1886, and the 31st day of October, 1887, lend—" advance"—to the business firm of Booth & Rogers considerable sums of money, and the purpose of the bond in question was to secure to the defendant any balance, not exceeding five thousand dollars, that the firm might owe it upon the termination of such loans as contemplated and provided by the bond. It did not, in terms or by just implication, embrace any balance or balances of money advanced to the firm before or after the period above specified—there is nothing in it that intimates such purpose. The obligation was to secure such balance of such sums of money as the defendant " may advance" to the firm—not of such sums as it had advanced—and the agreement, by its express terms, was to be at an end on a day specified.

The provision of the condition of the bond, that "it is to include and secure all amounts drawn by them, (the firm) for any purpose whatsoever," does not imply for all possible purposes. It must be interpreted as extending to amounts drawn for any lawful purpose pertinent to and within the meaning of the business specified of the firm. It is not to be presumed that the parties contemplated any unlawful purpose, or business transactions or practices other than such as were legitimate, if the same were within the knowledge of the defendant. Hence it was not expected that the defendant would advance to the firm from time to time large sums of money and exact interest therefor at the rate of twelve per centum per annum. It was not within the meaning of the bond that the dealings between the defendant and the firm, as to the purpose specified, should be based upon such an unlawful rate of interest. Nor did the obligors in the bond agree to pay the balance of such advances of money ascertained by the allowance of unlawful rates of interest. In view of the nature of the matter, it may be fairly said, in the absence of any stipulated rate of interest, that they expected the defendant would charge and receive for the use of its money so advanced the lawful interest—that is, interest at the rate of six per centum per annum. By reasonable implication it came within the scope of the agreement of the obligors of the bond that they would pay the balance of the money so advanced, allowing the defendant the lawful rate of interest, They certainly expected that the defendant would "advance"—lend—the firm money, and as certainly that the bank would demand and the firm would pay interest, and at the lawful rate.

Hence, in ascertaining the balance for which the obligors of the bond are liable as such, the defendant can only be allowed interest at the rate of six per centum per annum, and interest upon the balance ascertained at the rate of eight per centum per annum, because the latter rate as to the balance was stipulated for in the bond.

The plaintiffs Booth and J. F. Rogers are before the Court as partners composing the firm of Booth & Rogers, and also as individuals, and the defendant is entitled to judgment against them for the balance of money due it upon their whole dealings and transactions with it, embraced by the pleadings, without regard to the usury paid, and to have the mortgage specified in the pleading foreclosed, and the land embraced by it sold to that end, if need be; but the defendant is entitled to have judgment against the plaintiff Clinton M. Rogers for the balance of moneys, not exceeding five thousand dollars, advanced to the firm of Booth & Rogers during the period specified in the bond; that balance to be ascertained by allowing the defendant interest for the use of the money so advanced at the rate of six per centum per annum, and interest on such balance at the rate of eight per centum per annum.

The account and judgment must be modified in accordance with this opinion, and as thus modified affirmed. To that end let the opinion be certified to the Superior Court. It is so ordered.

CLARK, J., dissents.

*Per Curiam.*                    Modified and affirmed.