ALBERT M. ALDEN *vs.* CHARLES A. WRIGHT and others.

September 30, 1891.

**Action for Deceit—Fraud and Injury must Concur.**—A party cannot sustain an action for deceit where no harm has come to him. Deceit and injury must concur.

**Same—Exchange of Property—Measure of Damages.**—The plaintiff exchanged certain real property for shares of stock held by defendants in a corporation. *Held*, that in an action for deceit, brought by him, the proper measure of damages was the difference in value between the shares and the property conveyed by plaintiff in exchange for the same.

**Same—"Insolvency" of Corporation.**—*Held, further*, that there was no reversible error committed by the trial court in its charge to the jury in respect to the alleged insolvency of the corporation.

v.47M.—15

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial after verdict for defendants, in an action to recover $10,000 damages for alleged deceit in an exchange of property.

*Benton & Roberts* and *Rome G. Brown*, for appellant.

*D. A. Secombe* and *Weed Munro*, for respondents.

COLLINS, J. The verdict in this action was for defendants, and plaintiff appeals from an order denying a new trial. From an examination of the bill of exceptions it is obvious that the testimony upon all of the main features of the controversy was very conflicting, and would have justified a verdict for either party. The appellant does not contend that the verdict was unsupported by the evidence, but claims that the court committed several errors when charging the jury. It is necessary to consider but two of the assignments of error. The action was for deceit. The plaintiff exchanged certain real property with defendants for shares of stock held by each in a corporation, aggregating 72 in number, of the face value of $100 a share. He claims false and fraudulent representations on the part of the defendants as to the value of the shares, whereby he was induced to part with property of the value of $7,200 for the same. He also avers that the shares of stock were valueless, by reason of which he was damaged in a stated sum of money, for which judgment was demanded.

1. On the trial there was no attempt to show the market value of the stock, but testimony was produced as to its intrinsic worth. There was also testimony introduced by the plaintiff that the corporation was "insolvent," and, at defendants' request, the jury was charged as to what would render it "insolvent for the purposes of this action." The defendants' request, numbered 9, on this point, appears to have been an attempt to state what would constitute insolvency under the insolvency statutes; and, although the plaintiff excepted to the giving of the request when it was first submitted to the court, evidently under Laws 1883, c. 57, § 1, it appears to have been modified in the charge so as to correspond with what were then the plaintiff's views. From an examination of the requests, the charge, and the exceptions, it seems to us that all parties went somewhat

astray on the question of insolvency and its bearing and importance in the determination of the issues herein. The fact—if it was capable of demonstration—that the corporation was insolvent under the statute when plaintiff took the shares of stock, would undoubtedly have a bearing upon the important question, which was as to the real value and worth of the shares. This would have to be established by showing the amount and value of the corporate assets, the extent of its liabilities, and the general condition of the business it was transacting. A corporation might be insolvent under the insolvency laws of the state, and yet its shares of stock be worth their par value or more. This fact appears to have been overlooked; but we see no error in the charge in respect to insolvency which was reached by plaintiff's exceptions.

2. At defendants' request the court charged the jury, in substance, that they must find for defendants, unless it appeared by a preponderance of testimony that the property conveyed by plaintiff in exchange for the shares of stock was worth more than the latter; and to this plaintiff excepted, on the ground that it prevented the jury from returning a verdict in his favor for nominal damages; that, even if the jury should fail to find that the property conveyed by plaintiff was of greater value than the shares of stock, transferred to him,—passing on all other questions in his favor,—they might award him nominal damages at least; and that the possibility of such an award was excluded by the charge. But, at plaintiff's request, the jury was instructed that, if they found for him, the amount he would be entitled to recover would be the amount of the difference between the actual value of the property which he conveyed and the actual value of the stock received by him. The rule as to the measure of damages in the case was stated in better form in plaintiff's than in defendants' request, but one was, in effect, a repetition of the other. The rule was correctly stated in each, and the same proposition of law was elsewhere in the charge laid down by the court in very concise and proper, but different, language. The essential elements which constitute a cause of action for deceit are well stated in *Busterud* v. *Farrington*, 36 Minn. 320, (31 N. W. Rep. 360,) and one is that the party induced to act has been damaged. He must have

acted on the faith of the false representations *to his damage*. A party cannot sustain an action of this character where no harm has come to him. Deceit and injury must concur,—*Doran* v. *Eaton*, 40 Minn. 35, (41 N. W. Rep. 244;)—or, as it has frequently been put by the courts, fraud without damage or damage without fraud will not sustain the action for deceit. *Taylor* v. *Guest*, 58 N. Y. 262; *Nye* v. *Merriam*, 35 Vt. 438; *Freeman* v. *McDaniel*, 23 Ga. 354; *Byard* v. *Holmes*, 34 N. J. Law, 296; 3 Suth. Dam. 594; Cooley, Torts, 474; Bailey, Onus Probandi, 770. If, therefore, the shares of stock were worth what plaintiff gave for them, were of equal value with the property exchanged, the plaintiff was not damaged, and was not entitled to recover; for the proper measure of damages was the difference in value between the shares of stock and the property conveyed by plaintiff for them. *Redding* v. *Godwin*, 44 Minn. 355, (46 N. W. Rep. 563,) and cases cited. The plaintiff, under such a rule, would not be permitted to recover nominal damages even without proof of loss or injury, and there is nothing said in *Potter* v. *Mellen*, 36 Minn. 122, (30 N. W. Rep. 438,) as counsel has contended, indicating a contrary view. Damage is of the essence of the action of deceit; an essential element to the right of action, and not merely a consequence flowing from it.

Order affirmed.