CHRISTINE ANDERSON v. G. HEILEMAN BREWING COMPANY and Others.[1]

May 29, 1908.

Nos. 15,405—(40).

**Defective Complaint.**

A complaint in an action for fraud and deceit *held* not to state a cause of action, for the reason that it fails to allege or show that plaintiff suffered loss or damage by reason of the fraud complained of.

Action in the district court for Hennepin county to recover $1,500 for fraud and deceit. From an order, Dickinson, J., overruling defendants' demurrer to the complaint, they appealed. Reversed.

*P. W. Guilford* and *George H. Gordon,* for appellants.

*Mead & Robertson,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint.

The complaint alleges substantially the following facts: That on or about December 15, 1906, one Jacob Barge was conducting a saloon in the city of Minneapolis, was an agent and customer of the defendant G. Heileman Brewing Company, and sold and disposed of large quantities of beer furnished by that company; that defendant Charles Lowry was the local agent at Minneapolis of the brewing company,

[1] Reported in 116 N. W. 655.

the headquarters of which are at La Crosse, in the state of Wisconsin; that plaintiff is a woman, by occupation a trained nurse, and wholly without experience in commercial or business affairs, or in transactions such as those had with defendants concerning which she now complains. It further alleges that on the date stated the defendants represented to her that the business conducted by Barge was the best place in Minneapolis, a paying concern; that Barge was prosperous, not involved in debt, except in certain respects mentioned; and that, if plaintiff would enter into a copartnership with him and conduct jointly with him a saloon and restaurant, she would realize large profits from the investment. It further alleges that she relied upon the representations made to her, and was thereby induced to and did enter into a copartnership with Barge to conduct the said business, Barge to manage the saloon and plaintiff the adjoining restaurant. It further alleges that by means of such representations she was induced to "advance to the said Jacob Barge the sum of $768," with which to pay a claim then due from him to defendant brewing company. The complaint then goes on to charge that the representations were false and untrue, and known by defendants and each of them to be false and untrue when made, and that plaintiff relied upon and was deceived thereby; that Barge was owing a large number of creditors and was heavily in debt; that the place conducted by him was not successful; and that Barge had never made any money in its operation. It further alleges that the false and fraudulent statements already mentioned were made to plaintiff to induce her to advance to Barge the amount of money stated, to the end that he might pay the same over to the brewing company. It also alleges that after entering into the copartnership plaintiff paid out other sums of money in discharge of other debts due and owing by Barge, amounting in all to the sum of $732. The prayer for relief is that plaintiff have judgment against defendants for the sum of $1,500, the amount loaned to and paid out for Barge, which she alleges is the damage occasioned her by the fraudulent acts and conduct of defendants.

The action is for fraud and deceit, the essential ingredients of which are thoroughly settled. In order to maintain an action of that sort, it must appear that defendant made material representations to plaintiff, which were false and known to be false by him at the time they

were made; that plaintiff relied thereon, and was induced thereby to enter into the transaction; and, lastly, that by reason thereof she suffered injury or damage. Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360; 20 Cyc. 12; note to Dawe v. Morris, 4 L. R. A. 158.

The complaint before us is full and complete in all respects, save that it contains no allegation that plaintiff has been in any manner damaged or injured. She alleges that she was induced by representations made by defendants to "advance" a certain amount of money to Barge. This advancement was in legal effect nothing more than a loan (Morrow v. Turney's Admr., 35 Ala. 131; Rogers v. Bank, 108 N. C. 574, 13 S. E. 245; Wright's Appeal, 93 Pa. St. 82; 1 Cyc. 966), which Barge could be compelled to repay. But the complaint contains no allegations that plaintiff had been unable to recover the amount, or that Barge has refused to pay it. For aught that appears from the complaint, Barge is perfectly solvent and able to repay the money, and, if so, plaintiff has suffered no injury and cannot maintain this action. The complaint does not allege that plaintiff was induced by the false and fraudulent representations to advance the sum of $732, which the complaint alleges she did advance for the purpose of paying some creditors after she had entered into the copartnership. But, even if the complaint be construed as so alleging the fact, the situation with reference to that amount is the same as to the amount originally advanced to enable Barge to pay his debt to the brewing company. There can be no recovery in actions of this kind without a showing of injury to the complaining party. The fraud and injury must concur. Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Doran v. Eaton, 40 Minn. 35, 41 N. W. 244; Taylor v. Guest, 58 N. Y. 262. The measure of plaintiff's damages would be the amount of money she was induced to part with, and the complaint cannot be sustained on the theory that she is entitled to at least nominal damages. Alden v. Wright, supra.

The trial court should have sustained the demurrer, and the order appealed from is accordingly reversed.