## C. F. HABECK v. J. C. THOMSEN AND OTHERS.[1]

May 3, 1929.

No. 27,311.

*E. H. Nicholas* and *F. B. Kalash,* for appellant.
*McCune & McCune,* for respondent Denkman.

TAYLOR, C.

Defendant Denkman demurred to the complaint on the ground that it failed to state a cause of action against him. The demurrer was sustained, and plaintiff appeals.

The complaint alleges that plaintiff is the executor of the will of Herman Habeck, deceased; that in March, 1918, defendants Thomsen executed to the decedent their promissory note for the sum of $13,875, payable on or before March 1, 1928, with interest payable annually at the rate of five per cent per annum; that to secure payment of the note the Thomsens executed a mortgage to the decedent

[1]Reported in 225 N. W. 281.

upon certain real estate, which mortgage is made a part of the complaint; that defendant Denkman was the cashier of the State Bank of Round Lake, in which bank the decedent did his banking business and in which he kept his valuable papers including notes and mortgages; that in March, 1927, defendants Thomsen, through defendant Denkman as their agent, induced the decedent to extend the time of payment of the note and mortgage for an additional period of five years; that the decedent was unable to read English, had done his banking business with defendant Denkman for many years, and reposed trust and confidence in him; that defendant Denkman, acting for defendants Thomsen, prepared an extension agreement which he induced the decedent to sign by assuring him that it provided for an extension of the loan for a period of five years and nothing more; that without the knowledge or consent of the decedent and for the purpose of defrauding him defendant Denkman indorsed on the note a payment of $1,875 on the principal and inserted in the extension agreement a statement that the amount remaining due on the note and mortgage was the sum of $12,000; that no payment of any part of the principal was ever made; and that the decedent never agreed to reduce the amount of such principal. The complaint contains further allegations to the effect that these acts were done by defendant Denkman pursuant to a conspiracy between him and defendants Thomsen to defraud the decedent. The relief asked is that the indorsement of $1,875 made on the note be canceled and annulled; that the extension agreement be canceled and annulled; and that plaintiff have such other and further relief as to the court may seem just and proper.

Defendant Denkman is not a party to the note or mortgage nor liable for any part thereof. Neither is he a party to the agreement for the extension. So far as appears, the relief asked for, if granted, would not affect him in any way. Plaintiff apparently recognizes this fact, for he invokes the well known rule that as against a general demurrer a complaint is sufficient if it shows that the plaintiff has a cause of action of any sort, and urges that it states a cause of action against defendant Denkman for fraud and deceit. To

maintain an action for fraud and deceit damage must be alleged and proved. The rule as settled by an unvarying line of decisions is epitomized in 3 Dunnell, Minn. Dig. (2 ed.) § 3828, as follows:

"Damage is of the essence of an action for deceit—an essential element of the cause of action, and not merely a consequence flowing from it. Fraud without damage, or damage without fraud, will not sustain an action."

The complaint is in equity and seeks a cancelation of the indorsement and of the extension agreement. It contains no allegation of damage. But plaintiff argues that it shows that he has been damaged in the amount of the indorsement on the note. If the charges of fraud contained in the complaint are proved, the indorsement will be of no effect, and the obligation as it stood prior thereto will be in full force, and plaintiff will have lost nothing. If these charges are not proved, no cause of action will be established. Upon the facts alleged in the complaint, the element of damage essential to an action for deceit is lacking.

Order affirmed.