SCOTT S. BRYANT AND ANOTHER v. BERNARD P. RAND AND ANOTHER.[1]

November 1, 1929.

No. 27,298.

*Willard Converse* and *Sterling, Converse & Spence,* for appellants. *Samuel Lipschultz,* for respondents.

STONE, J.

Action for deceit, wherein plaintiffs appeal from an order sustaining the general demurrers of defendants Bernard P. Rand and Nadine L. Rand, husband and wife. There is no pretense on this

[1] Reported in 227 N. W. 214.

appeal that a cause of action is stated against the latter, and we shall refer to Bernard P. Rand as if he were the only defendant.

The action arises out of the purchase by plaintiffs from defendant of an apartment building in St. Paul. The complaint alleges that defendant agreed to purchase the lot and erect the building "at the actual cost of the purchase of said lot plus the actual cost of constructing said apartment house plus ten per cent of such actual cost of construction * * * and sell the same to these plaintiffs at the sum total of those three items, to-wit: the cost of the lot, the cost of construction and ten per cent profit upon the actual cost of construction." The main misrepresentation charged to defendant is "that the cost of said lot, plus the cost of construction of said building fully equipped and occupied by tenants ready for delivery" to plaintiffs together with ten per cent of the cost of construction "would amount to $40,000" and that he had prepared the formal contract "for the purpose of evidencing the said agreement between the parties." Plaintiffs allege that they believed that statement and, relying thereon, were induced to enter into the contract. The complaint then proceeds as follows:

"That in truth and in fact said statements were wholly false and untrue, and in truth and in fact the cost of said lot, plus the cost of construction and equipment of said building, together with ten per cent profit on said construction did not amount to $40,000 * * * but in truth and in fact did amount to approximately $32,000."

Additional misrepresentation is claimed in other particulars not here material.

There is no explicit allegation that the misrepresentation concerning the cost of the property was made with knowledge of its falsity, with intent either to deceive or induce action by plaintiffs, or that plaintiffs were damaged thereby. Even the usual general allegation of damage is absent.

As against a general demurrer a complaint must not leave to remote and difficult inference any essential of the cause of action relied upon. Here the question is whether the complaint sets forth

with sufficient definition and certainty all the elements necessary to sustain the charge of deceit. Knowledge of falsity and intent to deceive are not necessary. It is sufficient if the statement be false and made unqualifiedly by the defendant "as of his own knowledge, and with intent to induce action." If those elements, as distinguished from knowledge of falsity and purpose to deceive, are present, the defendant "cannot be heard to say, after the statement has been acted upon by the plaintiff to his damage, that he honestly believed that the statement he made was true." Schlechter v. Felton, 134 Minn. 143, 147, 158 N. W. 813, 815. Given falsity of the representations and their inducement of action by a plaintiff to his damage, it does not help a defendant that he acted in good faith. Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665. For other cases, see 3 Dunnell, Minn. Dig. (2 ed.) § 3826.

Even under the liberal and modernized rule of these cases, the present complaint must be held defective. It does not charge, except by implication, that the representations complained of were made by defendant as of his own knowledge or with intent to induce action. Furthermore, there is no explicit allegation of damage, and damage is a part of the cause of action for deceit. Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Anderson v. Heileman Brg. Co. 104 Minn. 327, 116 N. W. 655; Habeck v. Thomsen, 177 Minn. 386, 225 N. W. 281. Fraud without damage, while it may give a cause of action for rescission, is not the basis of one at law for damages. Kirby v. Dean, 159 Minn. 451, 199 N. W. 174.

The argument for plaintiffs in substance is that the essential allegations, just referred to as absent, appear by implication. But as against a general demurrer too much mere inference is necessary to save the complaint. The numerous representations already referred to as not being involved on this appeal appear in the earlier portion of the complaint, and with respect to them it is explicitly alleged that they "were false and untrue and were well known [by defendant] * * * to be false and untrue * * * and were made by him for the purpose of having these plaintiffs believe said statements to be true and to rely thereon." The alleged mis-

representation as to cost of construction appears in the subsequent portion of the complaint, and the allegations of paragraph IX just quoted do not refer to it. So it might be inferred, if so much inference is to be indulged, that the misrepresentation now in question was not of the character charged in paragraph IX. If we resort to inference to ascertain damage, we find that the misrepresentation charged to defendant goes to the building "fully equipped and occupied by tenants," whereas the fact charged as to an actual cost of $32,000 applies literally to the completed building without including the expense of getting it fully tenanted.

It should be observed that this appeal has served only to cause delay and expense. That would be true even though we allowed the argument for plaintiffs that, favorably enough construed, the complaint could be sustained. The point is that by an amendment, the advisability if not the necessity of which should have occurred to counsel for plaintiffs upon the argument of the demurrers if not before, both the excuse and the necessity for an appeal would have been removed.

The order appealed from must be affirmed but without prejudice to plaintiffs' right to apply for leave to amend their complaint.

So ordered.