CHARLES J. DUPONT v. LOLA E. HAGGARD AND OTHERS.[1]

September 7, 1951.

No. 35,440.

---

[1]Reported in 49 N. W. (2d) 186.

*Clinton W. Leach* and *Sullivan & Sharood*, for appellant.
*James A. Wilson*, for respondents Lola E. and George Haggard.
*Martin A. Hogan*, for respondents Guy B. and Marion Fenley.

CHRISTIANSON, JUSTICE.

Plaintiff appeals from an order denying his motion for a new trial in an action to recover damages for fraud after the trial court directed a verdict in favor of the defendants at the conclusion of plaintiff's case.

Plaintiff brought an action against his former wife, Lola E. Haggard, her present husband, George H. Haggard, and Guy B. Fenley and Marion Fenley, his former wife's brother and sister-in-law respectively, for damages alleged to have been sustained by reason of a conspiracy between them to defraud plaintiff of certain real and personal property by means of certain spiritualistic messages called spirit writings or automatic writings.

Plaintiff's first wife, Mary, died in 1934. On January 30, 1941, he married the defendant Lola E. Haggard. They were divorced by the Hubbard county district court on November 16, 1948. Plaintiff did not contest his former's wife's action for divorce. No alimony or property was awarded by the court to her in the divorce proceedings. It is the fraudulent scheme allegedly employed by plaintiff's former wife and her brother and sister-in-law to induce plaintiff to enter into an out-of-court property settlement with his estranged wife in the divorce proceeding that gives rise to the present action.

In his complaint plaintiff alleged that because of the fraud and deceit defendants practiced upon him he was induced to turn over $4,000 to his former wife, to deed over to her lake properties of the value of $1,200 by conduit deeds, and to pay to her attorney $100 as fees for services rendered in procuring the default divorce. In addition, he alleged that he was fraudulently induced by defendants to join with his estranged wife in the conveyance and sale of his homestead, alleged to have been reasonably worth $5,000, to the defendants Guy B. and Marion Fenley for $3,000. The foregoing are the only items of damage alleged or prayed for in plaintiff's complaint. They total $7,300.

The testimony at the trial disclosed that prior to the divorce the title to both the homestead and the lake properties was held by plaintiff and his former wife as joint tenants. Likewise, it conclusively appeared that the transfers of property to his former wife were made pursuant to an out-of-court property settlement agreement entered into between the parties in connection with their divorce. It appeared that, although no provision for alimony or division of property was made in the divorce proceedings by the court, the divorce decree recited that the parties had arrived at a settlement of their property rights. There was testimony to the effect that the value of the lake properties was $2,000.

Plaintiff's testimony clearly established that he was induced by fraud and deceit to enter into the property settlement he made with his estranged wife. However, since it is necessary for purposes of this decision to consider only the question of plaintiff's damage, no useful purpose would be served by our detailing the reprehensible fraud features of the case.

■ Damage is an essential element of a cause of action for fraud and deceit and is not merely a consequence flowing from it. 3 Dunnell, Dig. & Supp. § 3828, and cases under notes. Thus, fraud without damage, while it will sustain a cause of action for rescission, will not support one at law for damages. See, Bryant v. Rand, 178 Minn. 375, 377, 227 N. W. 214, 215. The fact that several persons may have conspired together to deceive the plaintiff does not alter

this rule. See, Harding v. Ohio Cas. Ins. Co. 230 Minn. 327, 337-338, 41 N. W. (2d) 818, 824-825.

■ Since plaintiff does not seek to rescind the property settlement he was fraudulently induced to make with his former wife, the controlling question presented for decision is whether there was sufficient evidence of damage or injury to plaintiff by reason of the fraud to warrant submission of the case to the jury.

There being nothing in the record to establish that the defendant George Haggard personally participated in any of the fraudulent acts and inducements complained of, the propriety of the order directing a verdict in his favor cannot be questioned. Moreover, since there is no evidence of fraud on the part of anyone in connection with the sale of the homestead property to the defendants Fenley for $3,000, the $2,000 damage alleged by plaintiff in this connection clearly was out of the case. In fact, plaintiff testified that he himself had listed the homestead with a real estate agent for sale at the price of $3,000 a number of months prior to the time the Fenleys purchased it at that price. Furthermore, the record does not justify including as an item of damage in this case the $100 fee plaintiff paid his former wife's attorney.

The evidence discloses that following the divorce of the parties plaintiff sold all the stocks and securities he held, and that he received $6,000 or $7,000 therefrom. Although plaintiff admitted that the sales included stocks and securities issued in his and his former wife's name as joint tenants, the record does not disclose what percentage of the proceeds of the sales they represented. With respect to the $4,000 plaintiff gave to his former wife, plaintiff testified that this amount was paid to her by his personal check drawn on their joint checking account. He stated that although she was privileged to draw any checks on the account she saw fit it was only his money that was ever deposited in the account.

There is nothing in the record to indicate that plaintiff's former wife received any part of the proceeds he realized from either the sale of the homestead for $3,000 or the sale of the securities and stocks for $6,000 or $7,000. In fact, it affirmatively appears that the

most she received from the division of their property was $6,000 in value. Consequently, the record before us furnishes no basis even to infer that the value of the property and cash plaintiff was induced to part with exceeded the value of the property he received from his divorced wife by reason of the property settlement. Since the only damages plaintiff has alleged in his complaint were for the loss of or injury to his property, the measure of his damages is the difference in value between what he was induced to part with and the value of what he received. See, Rosenquist v. Baker, 227 Minn. 217, 224, 35 N. W. (2d) 346, 350; 3 Dunnell, Dig. & Supp. § 3841. From the evidence presented here, it would be impossible for the jury to determine whether the property plaintiff received from his former wife was of greater or less value than what he gave up under the fraudulently induced settlement of their property rights.

After a careful review of the record in its most favorable light to plaintiff, we are compelled to conclude that the evidence on the question of plaintiff's damage was insufficient to establish a prima facie case against any of the defendants. As stated in 37 C. J. S., Fraud, § 146:

"It is incumbent on the plaintiff to show that he has suffered loss by reason of the defendant's fraud and to show the facts necessary for the proper and correct computation of the damages."

Since resulting damage is one of the essential elements of a fraud action and the absence of proof to establish damage means the absence of proof to establish actionable fraud, the order appealed from must be affirmed.

Affirmed.