Jesse Sumner and another *vs.* William E. Jones.

November 11, 1880.

**Credibility of Testimony.**—Application of the rule that the credibility of testimony is matter peculiarly for the jury.

**Action to Enforce Mechanic's Lien.**—An action under Gen. St. 1878, c. 90, § 8, for the enforcement of a lien for materials furnished for the construction of a dwelling-house, is not an action for the recovery of money only; neither is it made such to any extent by the fact that the defendant in his answer sets up matter (controverted in the reply) showing not only that plaintiffs have no cause of action, but that they are thereupon indebted to him in a balance for which he prays judgment. On the trial of such action, therefore, the plaintiff is not, as a matter of right, entitled to a jury trial; but, under Gen. St. 1878, c. 66, § 217, the action is triable by the court, subject, however, to the right of the parties to consent, or of the court to order, that the whole issue, or any specific question of fact involved therein, be tried by a jury.

Appeal by plaintiffs from a judgment of the district court for Rice county, *Buckham*, J., presiding, and from an order refusing a new trial. The action was brought to enforce a lien for lumber to the amount of $96.34, furnished by plaintiffs to defendant for use, and used by him, in building a dwelling-house. The defence was that by reason of an agreement for a five per cent. discount on a large quantity of lumber bought by defendant of plaintiffs, and which discount the plaintiffs agreed to allow on final settlement, but which they

then refused to allow, the defendant has overpaid the plaintiffs in the sum of $158.23, being $62.23 over and above the $96.34 claimed in the complaint. The issue as to the agreement for and the rate of discount was submitted to a jury, who found in favor of the defendant. The other issues were tried by the court, which found that the discount had not been allowed, and that defendant had overpaid plaintiffs for the lumber furnished by them, including that mentioned in the complaint, in the sum of $58.03, and ordered judgment that there is nothing due or owing from defendant to plaintiffs, and that defendant recover his costs. A new trial was refused, and judgment entered pursuant to the order.

*J. H. Case* and *H. S. Gipson*, for appellants.

*A. D. Keyes*, for respondent.

BERRY, J. The principal contention of the plaintiffs upon these appeals is, in effect, that the findings of the jury are not supported by the evidence. The claim is not that there was no testimony going to support them, but that it was false, as appears from other testimony. If anything can be regarded as settled in the law, it is that the credibility of testimony is peculiarly for a jury. As a general rule, their decision upon this is final. There may be cases in which the verdict of a jury will be set aside, because the evidence upon which it rests has no reasonable tendency to support it; but this would not be in a case like this at bar, in which there is simply a conflict of evidence, upon which a pure question of credibility is presented to the jury. Upon these appeals, we see no reason whatever for departing from the general rule mentioned above. This disposes of the positions taken by the plaintiffs as to the alleged agreement for five per cent. discount from the lumber furnished by them to defendant, and as to the effect, by way of accord and satisfaction, of the transaction of June 19th. The effect of that transaction was to be determined upon a consideration of its surroundings. As to these the testimony was conflicting, so that the question presented was not one of law, upon an admitted or uncontroverted state of facts,

but a question of fact, as to whether any accord and satisfaction, or full settlement of the matters between the parties, was intended and effected or not. Obviously, the receipt put in evidence did not necessarily establish the accord and satisfaction contended for.

This is an action under Gen. St. 1878, c. 90, § 8, for the foreclosure of plaintiffs' lien for materials furnished by them to defendant for the construction of a dwelling-house. It is not, therefore, an action for the recovery of money only; nor is it made such, to any extent, by the fact that defendant, in his answer, sets up matter (controverted in the reply) showing not only that the plaintiffs have no cause of action, but that they are thereupon indebted to him in a balance for which he prays judgment.

Not being an action for the recovery of money only, the plaintiffs were not, as a matter of right, entitled to a jury trial, but, as provided in Gen. St. 1878, c. 66, § 217, the case was triable "by the court, subject, however, to the right of the parties to consent, or of the court to order, that the whole issue or any specific question of fact involved therein be tried by a jury." It appears from a recital in the judgment, as well as from one in the finding of the trial court, that three specific questions of fact were submitted to the jury by consent of parties. To this submission no objection appears to have been made by anybody. The issues not thus submitted to the jury were tried by and found upon by the court. This is just such a course of procedure as is provided for in section 217, above cited, and is unquestionably proper. But even if the plaintiffs, as they insist, did not consent to the submission of the three questions to the jury, the result would be the same, for the case would then be one in which the submission was ordered by the court without the consent of the parties, and this also is authorized by section 217.

This disposes of the appeals, and the judgment and order refusing a new trial are accordingly affirmed.