JAMES SLOCUM, JR., *vs.* MINNEAPOLIS MILLERS' ASSOCIATION.

June 9, 1885.

**Practice—Dismissal on Defendant's Motion—Counterclaim.**—If, when the plaintiff rests, he has failed to prove a cause of action, the defendant may move to have the action dismissed on that ground, notwithstanding that he has set up a counterclaim in his answer.

**Evidence Insufficient.**—Evidence of plaintiff considered, and *held* not to prove a cause of action.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*C. D. O'Brien,* for appellant.

*Shaw & Cray,* for respondent.

MITCHELL, J.[1]  The plaintiff sued for the value of storage of defendant's grain. The answer denied plaintiff's cause of action, and set up a counterclaim, which was put in issue by the reply. When plaintiff rested, the court, on motion of defendant, dismissed the case on the ground that plaintiff had failed to prove a cause of action. An extended discussion of the evidence would be without value. We have examined it, and find nothing tending to prove any agreement, express or implied, by defendant to pay plaintiff for storage of grain beyond or in addition to his commission of three cents per bushel.

[1] Vanderburgh, J., was absent and took no part in this case.

In 1878 the parties had entered into a written contract by which plaintiff was to buy wheat for defendant at Harwood, and ship it as fast as car-loads were obtained to defendant at Minneapolis, for which service he was to receive a commission of three cents per bushel. It clearly appears that this included temporary storage of the grain while being bought, and until shipped to plaintiff. Transportation had, of course, to be obtained from the railroad company, and plaintiff ordered the cars from it as he needed them. There was never, at least, any formal termination of this contract, and while there were intervals of time during which no wheat was purchased under it, yet it conclusively appears that all of the wheat subsequently bought by plaintiff for defendant down to 1881, and including the wheat on which storage is now claimed, was purchased under this same agreement or understanding as to the measure of plaintiff's compensation. The entire manner of transacting business between the parties during all that time clearly shows this. The claim for storage is an after-thought, suggested, perhaps, by the fact of some delay on the part of the railroad in furnishing cars as fast as plaintiff wanted them.

The fact that defendant had interposed a counterclaim did not at all affect defendant's right to move to dismiss the action, or the power of the court to so order. If defendant saw fit to abandon its counterclaim, certainly plaintiff was not prejudiced. A counterclaim is in the nature of a cross-action, and a defendant who pleads one is, as to that, considered as if he had brought his action. The trial of the issues raised by this counterclaim had not been commenced, and we do not see why defendant could not dismiss it as a matter of right if he saw fit. Certainly this could be done, at least, with the consent of the court.

Order affirmed.