# DANIEL HORGAN v. DULUTH LOG COMPANY.[1]

January 10, 1913.

Nos. 17,787—(108).

**Log lien — finding sustained by evidence.**

Finding, in an action to enforce a log lien, that the work was done between October 1 and March 31 of the following year, thus allowing, under R. L. 1905, § 3526, until the last day of April next thereafter for the filing of the lien statement, *held* sustained by the evidence.

**Action by assignee.**

An assignee of a log lien, claimed under R. L. 1905, § 3524, and which had been properly perfected by filing of the lien statement required by section 3525 before the execution of the assignment, *held* entitled to maintain an action to enforce the same, notwithstanding that the assignment was not filed for record as provided by section 3525; there being, under the evidence, no question of the rights of bona fide purchasers.

Action in the district court for St. Louis county to recover the sum of $296, for manual labor and services in cutting, hauling, banking and skidding certain logs, to enforce a lien thereon for that sum, with an attorney's fee and interest added, and to foreclose the lien. The Duluth Log Company, in its separate answer, denied the allegations of the complaint. The case was tried before Dibell, J., who made findings and ordered judgment in favor of plaintiff for the sum of $118.16. The motion of the log company for a new trial was denied. From the judgment entered pursuant to the order for judgment, the Duluth Log Company appealed. Affirmed.

*Baldwin & Baldwin,* for appellant.

*William P. Harrison,* for respondent.

PHILIP E. BROWN. J.

Action to recover the agreed value of services rendered by James McConnell, the plaintiff's assignor, to one Smith, and, further, to have such amount adjudged a statutory lien upon certain logs, as

[1] Reported in 139 N. W. 491.

against the Duluth Log Company. The case was tried to the court without a jury, and findings were made in favor of the plaintiff. From a judgment rendered in his favor, the log company appealed.

1. The appellant contends that the work for which the lien is claimed was done between June 24, 1910, and March 27, 1911, and that the court erred in finding that it was performed between October 1, 1910, and March 31, 1911. We have examined the record, and conclude that there was evidence tending to show that all labor performed by McConnell prior to October 1, 1910, had been settled for, and that the record contains evidence reasonably tending to support the finding.

The materiality of the question as to when the work was performed lies in the provision of R. L. 1905, § 3526, which provides that "the lien shall cease unless said statement [provided for by section 3525] be so filed within thirty days after the termination of such labor or service, unless the same shall have been wholly performed between October 1 and April 1 next thereafter, in which case the statement may be filed on or before the last day of said April." The defendant, insisting that the court erred in its finding as above stated, claimed that as the statement was not filed until April 27, 1911, it was not in time; that is, that from March 27, the day on which the defendant claims the last work to have been performed, to April 27 next thereafter, was more than 30 days "after the termination of such labor or service." But, in view of our determination that the evidence is sufficient to sustain the finding of the court, the defendant's contention that the statement was not filed in time cannot, of course, be sustained, and the question as to computation of time raised thereby is immaterial, and it is neither necessary nor proper that we should pass upon it at this time.

2. R. L. 1905, c. 69, contains our various lien laws; section 3525 thereof providing, in cases where a lien is sought on timber, for the filing of a statement for record, with the surveyor general of the timber district in which the labor is performed, specifying the details of the claim, etc. The act further requires, in effect, that a person having a claim on timber entitling him to a lien "may assign the same in writing to any person, either before or after the making

and filing of the statement," and authorizes the assignee to make and file the lien statement, if unfiled at the time of the assignment, and that, when such a statement and assignment have been made and filed, the assignee is subrogated to all the rights of the original claimant, and authorized to enforce the lien in his own name, in the same manner and with the same effect as the original claimant could have done, had he not assigned the same.

The appellant predicates his last claim for reversal upon the portion of this statute which provides for the filing of the assignment, when taken in connection with the undisputed fact that McConnell, who performed the labor for which the lien is claimed, duly filed for record a proper lien statement on April 27, 1911, and also the sixth finding of the court, which is as follows: "That thereafter, and prior to the commencement of this action, said McConnell sold said indebtedness and claim of lien, for a valuable consideration, to the plaintiff, and executed and delivered to him a written assignment thereof, and that said assignment has never been filed or recorded with the surveyor general of the Fifth lumber district of Minnesota."

The argument is that the legislative intention was to require the assignee to file his assignment as a condition precedent to the perfection of his rights under the lien, in order to give innocent and third parties, such as the appellant in this case, notice of all the essential particulars regarding the lien; and it is argued that the plaintiff, having failed to comply with this requirement, has no lien. It is urged that it is important for third parties to know which person is entitled to the lien, and, further, that while the assignment remains unfiled the natural inference is that the lien remains the property of the assignor, which inference, if acted upon, would probably result in damage to those deceived thereby.

We cannot sustain the appellant's contention. Our lien laws have been declared to be remedial statutes, subject to liberal construction. Breault v. Archambault, 64 Minn. 420, 67 N. W. 348, 58 Am. St. 545. The question before us should be kept in mind. It is: Can an assignee of a log lien claimant, who has received an assignment in writing of the claimant's rights, after the filing of the lien

statement, be precluded from recovery thereon merely because of his failure to file the assignment for record? No question of bona fide purchaser is involved. There is neither any finding nor evidence upon which such a claim can be based. We know of no reason why the statute should be given the construction contended for; nor can we see how the appellant could be prejudiced by the failure to record the assignment. McConnell perfected his lien before the assignment, and the plaintiff should be held to have succeeded to his rights. Furthermore, section 3548 of the same chapter of the revision expressly gives an assignee of any lien given by such chapter the right to enforce it.

Judgment affirmed.

Heard before HALLAM, J., took his seat.