## JOHNSON SERVICE COMPANY v. EDNA D. KRUSE.[1]

February 21, 1913.

Nos. 17,947—(230).

**Mechanic's lien — counterclaim based on fraud.**

1. Defendant, in an action to foreclose a mechanic's lien, *held* entitled to no relief upon a counterclaim based on fraud, where there was no evidence of damage from the fraud alleged.

**Same — right to jury trial.**

2. Where the defendant, in an action to foreclose a mechanic's lien, interposed a counterclaim setting up a legal cause of action, he is not entitled, as a matter of right, to a jury trial thereon.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The Johnson Service Company filed an answer to the complaint, claiming a lien upon the premises described for $3,-362.10. The substance of the claim and of the counterclaim of defendant Edna D. Kruse will be found in the opinion. Defendant Kruse demanded a jury trial upon certain specified issues

[1] Reported in 140 N. W. 118.

and her motion was denied. The case was tried before Steele, J., who made findings in favor of the Johnson Service Company for the sum of $2,934.10, with interest, giving it a lien on the premises described co-ordinate with the liens of the other lien claimants, and an allowance of $100 on account of attorneys' fees. The motion of defendant Edna D. Kruse to amend the findings was denied. From the order denying the same defendant's motion for a new trial, she appealed. Affirmed.

*Henry E. Barnes, Frank Booth* and *Larrabee & Davies,* for appellant.

*Douglas A. Fiske* and *Norton M. Cross,* for respondent.

PHILIP E. BROWN, J.

Action between William F. Behrens, as plaintiff, and Edna Kruse, as defendant, for the foreclosure of a mechanic's lien upon the Radisson Hotel, in Minneapolis, in which the Johnson Service Company also undertook to foreclose a like lien against the same property. The Johnson Company alleged, omitting the formal parts of the pleading, that it contracted with Mrs. Kruse, the owner, to install a pneumatic system of temperature regulation in her hotel, for the price and of the reasonable value of $7,569, and thereafter also furnished certain extra labor and materials in connection with the installation of the system at the agreed price and of the value of $334.50; that, while the Johnson Company had fully performed the contracts, the owner of the property had paid thereon only the sum of $4,541. The pleading also alleged the due filing of a lien statement, and demanded foreclosure.

Mrs. Kruse answered, admitting the ownership of the property, denying that the labor and materials furnished were of any value, and set up a counterclaim against the Johnson Company. This counterclaim alleged the execution of the contract referred to, substantially as claimed by the company, and the doing by it of certain work upon the building in installing the system of temperature regulation; but she asserted that she was induced to execute the contract through false and fraudulent representations, made by the company and relied upon by her, relating to the working of the system, and

particularly to the effect that it would automatically shut off the heat whenever the temperature should fall below 60 degrees Fahrenheit, and that, so believing, she permitted the installation of the system and paid the company $4,541.40 before discovering the fraud, or that the labor and materials so furnished were valueless. The defendant alleged resulting damages in the sum of $4,541.40, for which sum she demanded judgment, and also that the company take nothing by the action.

Before the commencement, and also at the beginning, of the trial,. Mrs. Kruse demanded a trial by jury upon the specific issues raised upon her affirmative claims set up in her counterclaim. This motion. was denied. Whereupon she asked to have the judgment stayed until after the trial of an action which she promised to institute at once against the Johnson Company, based upon the same cause of action set forth in the counterclaim in her answer. The court refused this request, and ruled that all the issues made be litigated in this. action. The cause was then tried to the court, which resolved all. of the issues in favor of the Johnson Company, and ordered a lien for the amount claimed by it. Thereafter Mrs. Kruse moved to amend the findings, so as to determine the issues in her favor. This. motion was denied. Mrs. Kruse then appealed from an order denying her a new trial.

1. Brushing aside all technical objections concerning questions. of pleading and practice urged against the positions taken by the appellant, we come to the consideration of Mrs. Kruse's contention. that the trial court erred in denying her any relief, under her counterclaim or otherwise. "A counterclaim is in the nature of a cross- action, and a defendant who pleads one is, as to that, considered as if he had brought his action." Slocum v. Minneapolis Millers' Association, 33 Minn. 438, 23 N. W. 862; 2 Dunnell, Minn. Dig.. § 7598. Under this rule we must treat Mrs. Kruse's affirmative claim precisely as if she had brought an action therefor grounded on fraud. A necessary constituent to sustain such suit in this state is. thus stated in Alden v. Wright, 47 Minn. 225, 227, 49 N. W. 767, 768:

"The essential elements which constitute a cause of action for

deceit are well stated in Busterud v. Farrington, 36 Minn. 320 (31 N. W. 360), and one is that the party induced to act has been damaged. He must have acted on the faith of the false representations *to his damage.* A party cannot sustain an action of this character where no harm has come to him. Deceit and damage must concur — Doran v. Eaton, 40 Minn. 35 (41 N. W. 244)—Or, as it has frequently been put by the courts, fraud without damage or damage without fraud will not sustain the action for deceit."

The rule here stated has frequently been applied both here (see 1 Dunnell, Minn. Dig. § 3841) and elsewhere (see 3 Notes on Minn. Rep. 623; 20 Cyc. 42). Moreover, the essentials of actionable deceit are the same, whether it is used by way of defense or as a cause of action. Wilder v. De Cou, 18 Minn. 421 (470). Applying this rule to the facts of the case before us, we find that, while the record contains evidence, disputed it is true, tending to establish the allegations of the answer concerning false representations made by the lien claimant, whereby Mrs. Kruse was induced to enter into contractual relations, there is no proof concerning damage, and, furthermore, no facts appear from which the trial court could determine that the defendant was entitled in any event to other than nominal relief. Consequently the appellant has no just ground of complaint, so far as concerns the court's disposition of her claim of fraud, and we determine the first point against her.

2. The defendant insists that she was deprived of a constitutional and substantial right by the denial of her application for the submission of the issues made by her counterclaim to a jury. It may be doubted whether this question is open to the defendant on this appeal; it appearing that, if the same facts had been submitted to a jury which were presented to the court, the same result must have been reached. However, we are not disposed to deny the right of the defendant to have her claims in this regard considered and disposed of, for the trial might have taken a different course, had it been to a jury. For the purposes of this case, we will assume that the defendant duly took all the necessary preliminary steps in demanding a jury trial. The question here presented is, therefore:

Was the defendant, under any state of circumstances, entitled, as a matter of legal right, to a jury trial of the issues raised by her counterclaim?

She insists that the denial of her application was contrary to the decisions of this court, especially those in Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078, and in Koeper v. Town of Louisville, 109 Minn. 519, 124 N. W. 218. We hold otherwise. In the first of these cases it was expressly held that the court erred in treating the action as one in equity, and in the latter that in an action not strictly legal, where the plaintiff seeks both equitable and legal relief, neither party is entitled to a jury trial. We deem it unnecessary to review the cases further on this point. See Peters v. City of Duluth, 119 Minn. 96, 137 N. W. 390, for a recent discussion of the right to a jury trial in equitable actions. In Sumner v. Jones, 27 Minn. 312, 7 N. W. 265, it was held that, in an action to enforce a mechanic's lien, the right of a jury trial was not conferred because the defendant in his answer alleged facts showing no cause of action in the plaintiff, and also that the plaintiff was indebted to him in a balance for which judgment was prayed.

The defendant correctly asserts that our present mechanic's lien statute differs from the one in force when that case was decided, and further contends that, in order to work out substantial justice now, it should be held that the rule in Sumner v. Jones is no longer applicable.

The statute referred to is R. L. 1905, § 3514, relating to the practice in mechanic's lien foreclosure proceedings. Among other things it provides that answers interposed in such proceedings, "in addition to all other matters proper to be pleaded, shall set up any lien claimed by the defendant, and demand the enforcement thereof." The defendant suggests that, if the words "in addition to all other matter proper to be pleaded," are to be construed as requiring affirmative defensive claims in the nature of counterclaims to be set up and litigated in foreclosure actions, then defendants are thereby deprived of the constitutional right of trial of legal causes of action by jury, unless a jury trial of such claims be allowed. But the statute cannot properly be given this construction, for such would violate the rule

that a statute will not be construed in such manner as to render it unconstitutional, except where there is no other alternative, and, furthermore, a statute should not be construed as altering the common law further than its words plainly import (Shaw v. Railroad Co. 101 U. S. 557, 25 L. ed. 892), and the presumption is that in the enactment of statutes the legislature does not intend to overturn long-established principles of law, unless such intention clearly appears, either by express declaration or necessary implication. In re Estate of Garcelon, 104 Cal. 570, 38 Pac. 414, 32 L.R.A. 595, 43 Am. St. 134.

The statute in question is at most permissive. It does not require the defendant to refrain from attempting to enforce his affirmative claim for relief, until action brought to enforce the lien, and where the foreclosure proceedings are instituted before he has sued on his affirmative claim he may, under general rules of pleading (see Jordahl v. Berry, 72 Minn. 119, 75 N. W. 10, 45 L.R.A. 541, 71 Am. St. 469; Duresen v. Blackmarr, 117 Minn. 206, 209, 135 N. W. 530), either interpose such claim therein, or reserve it, and bring a separate suit thereon, as he may elect.

We find no occasion to disturb the holding in Sumner v. Jones, supra, which is merely an application of the settled rule that in an equitable action a defendant, interposing a counterclaim alleging a legal cause of action, is not thereby entitled as a matter of right to a jury trial thereof. See Johnson v. Peterson, 90 Minn. 503, 506, 97 N. W. 384; Peters v. City of Duluth, supra. We find no error.

Order affirmed.

On March 11, 1913, the following opinion was filed:

PER CURIAM.

The appellant, in a petition for reargument, calls attention to our failure, in the opinion filed, to pass upon her claim, made in the brief and also on the oral argument, that the finding to the effect that the contract involved was not procured by fraud, was manifestly and palpably against the weight of the evidence.

No questions of law are involved in the determination of this ques-

tion, which might become important as precedents, and a discussion of the evidence would merely add length, without value, to our reports. After an examination of the record, we hold that this finding is sustained by the evidence, and therefore we adhere to the opinion filed.

This application for a reargument is denied.