## KENNY & ANKER v. DULUTH LOG COMPANY.

## D. MEALEY v. DULUTH LOG COMPANY.[1]

### December 18, 1914.

### Nos. 18,884, 18,885—(127, 128).

**Log lien — findings defective.**

1. Findings in actions to foreclose log liens *held* fatally defective as regards the contingencies prescribed by G. S. 1913 as conditions precedent to the right to file the lien statements, in that they showed neither demands for payment before the filings nor that the labor for which the liens · were claimed was terminated by the employer's act or by completion of the work.

**Answer — issue of demand.**

2. Answers *held* sufficient to raise issues upon plaintiff's allegations of due demand.

**Log lien — time covered by lien statement.**

3. Where work for which a log lien is claimed was begun prior to October 1, and completed thereafter in the course of continuous employment, only that portion done between the date mentioned and April 1 thereafter is within the provision of R. L. 1905, § 3526 (G. S. 1913, § 7060), that where the

[1] Reported in 150 N. W. 216.

work is "wholly performed between October 1 and April 1 next thereafter" the statement may be filed on or before the last day of April.

**Work not lienable.**

   4. A claim for hire of teams and their equipment in connection with logging work, *held*, under the findings, ruled by McKinnon v. Red River Lumber Co. 119 Minn. 479, and hence not lienable.

Two actions in the district court for St. Louis county to recover $299.46 and $668.74, respectively, for cutting, hauling and piling logs, and to foreclose liens for the same. The cases were tried before Fesler, J., who made findings and ordered judgment for plaintiff for $291.86 in the first action and for $286.33 in the second action. From the judgments entered pursuant to the orders for judgment, defendant appealed. Reversed.

*Baldwin, Baldwin & Holmes,* for appellant.

*Fryberger, Fulton & Spear,* for respondent.

PHILIP E. BROWN, J.

These are separate actions to foreclose log liens. Defendant Smith, for whom the services were rendered, defaulted. The court found that plaintiffs were entitled to judgment against him and adjudged the amount thereof a lien upon the logs of his codefendant corporation. The latter subsequently appealed from judgments entered pursuant to the findings. The cases come here on the pleadings, findings and judgments, and involve some like questions, which, for convenience, will be considered together; the ultimate inquiry in each being: Do the findings of fact sufficiently support the conclusion of law awarding the lien?

   1. Defendant contends the findings are insufficient because, among other things, they fail to show either demand for payment before the filing of the lien statements, or that the labor for which the liens were claimed was terminated by the employer's act or else by completion of the work in which the employee was engaged. G. S. 1913, § 7059, provides:

"If the indebtedness so due be not paid within five days after demand therefor made upon the debtor in person, or upon some

agent or clerk of the debtor at his business office, the lienholder may file for record * * * a statement," etc. "Provided, that if such labor or service be terminated by the direction or act of the employer, or by the completion of the work in which the employee is engaged, then no demand for payment shall be necessary, and the lien statement may be filed at once."

The preceding section gives a lien to one performing "manual labor or other personal service for hire, in or in aid of the cutting, hauling," etc., of logs, for the price or value of such labor or service.

There were no findings as to any demands, nor that the services were terminated by direction or act of the employer or by completion of the work. This omission we think fatal to the conclusions of law awarding the liens and likewise to the judgments, unless something can be found in the conduct of the litigation or in the findings sufficiently curative of the defect to take the cases out of the general rule requiring findings to cover all essential issues. The authorization for and basis of a judgment must exist in the findings. Dunnell, Minn. Pr. § 500; 3 Dunnell, Minn. Dig. § 9857. Wherefore, if the latter are insufficient in this respect the former is unsustainable. 3 Dunnell, Minn. Dig. § 9856. Plaintiffs claim, as taking the cases out of the rule, that issues were not joined on their allegations of due demands. In defendant log company's answers, however, it expressly denied any demand made upon it, and further averred lack of knowledge or information sufficient to form a belief as to any of the allegations of the complaints, except as admitted or qualified; which, no admission of demand on any person being made, sufficiently raised the issues. G. S. 1913, § 7756. Nor can plaintiffs' contention that an application should have been made to amend the findings so as to make them affirmatively show absence of demand be sustained. No such burden rested on defendant, and the objection interposed may be raised for the first time on appeal from the judgment. Dunnell, Minn. Pr. § 533; 3 Dunnell, Minn. Dig. § 9857. It necessarily follows, from what has been said, that the conclusions of law to the effect that plaintiffs were entitled to liens are not equivalent to findings of due demands.

These views dispose of the appeals adversely to plaintiffs' con-

tentions. What is further said concerns questions likely to arise on a retrial.

2. In the Kenny & Anker case the findings show that the labor for which a lien was allowed was performed between July 28, 1910, and March 28, 1911. The lien statement was filed April 29, 1911, which defendant claims was not within the time prescribed by R. L. 1905, § 3526 (G. S. 1913, § 7060), providing:

"The lien shall cease unless said statement be so filed within thirty days after the termination of such labor or service, unless the same shall have been *wholly performed* between October 1 and April 1 next thereafter, in which case the statement may be filed on or before the last day of said April."

Defendant contends that the words "wholly performed," which we have italicized, mean that the services must have been begun and finished within the dates specified, in order to comply with the statute; while plaintiffs claim they must be taken as equivalent to "wholly completed, wholly brought to a close, or wholly brought to a final completion" during such period.

The log-lien law of 1876, p. 100, c. 89, § 2 (see G. S. 1878, c. 32, § 64), contained the following:

"For all such labor done and performed between the first day of October and the first day of April, such statement shall be filed on or before the first day of May next thereafter, and for all labor done and performed between the first day of April and the first day of October, such statement shall be filed within thirty days after the completion or last day of such labor or services."

This act was repealed by Laws 1899, p. 433, c. 342, of which section 2, so far as here material, reads:

"For all such labor done and performed between the first day of October and the first day of April thereafter, such statement shall be filed on or before the first day of May next thereafter. And for all labor done and performed between the first day of April and the first day of October thereafter, such statement shall be filed within thirty days after the completion or last day of such labor or services. *Provided, however,* that when the labor and services for which such lien is claimed shall have been commenced before the

first day of April and shall continue without termination from the time of such commencement until after the first day of April, then, and in such case, the party performing such labor and services or his assignee shall have the right to file the statement herein provided for at any time within thirty days after the completion of such work."

This provision later passed into the Revision of 1905, as section 3526, in the form first above quoted, the latter being literally as drafted by the revision commission, who say in their report that the act of 1899, c. 342, "is preserved, substantially intact."

Under the general rule relating to construction of revisions of statutes, we think no intent appears to change the existing law by R. L. 1905. 3 Dunnell, Minn. Dig. and Supp. § 8961. The question, then, turns upon the meaning of the act of 1899; and its language is so plain and unambiguous that no room is left for construction; thus bringing it within the rule that a statute should be enforced literally as it reads if its language embodies a definite meaning involving neither contradiction nor absurdity. 3 Dunnell, Minn. Dig. § 8938. It simply divides the year into two periods, and the time for filing depends entirely on whether the labor was "done and performed" in the one or in the other, with the privilege, covered by the proviso, of a single filing within 30 days after completion for all work begun during the October to April season and continued over into the April to October period. And this is likewise the effect of the present law, which, by the simple process of revamping, including the qualification of the word "performed" by "wholly," merely condenses the old and dispenses with the necessity of the proviso.

As a practical matter, the point involved in the present case is of slight consequence so far as concerns the general operation of the law; for few cases will arise where the same conditions will not exist as in Horgan v. Duluth Log Co. 120 Minn. 244, 245, 139 N. W. 491, with reference to claims for work done prior to October 1 pursuant to employment continuing thereafter. In such instances, as in the Horgan case, claims for labor antedating October 1 will usually be liquidated by payments and credits, and doubtless the

legislature had this in mind when it failed to provide for an over-
lap of services from the summer to the winter season. Of course
the statement in the present case was filed in time as to all work
done after October 1.

3. In the Mealey case the lien was allowed for furnishing defend-
ant Smith "certain teams, and equipment used with such teams, to
be used and which actually were used in the performance" by him
of his contract with the log company. These services as found, are
within McKinnon v. Red River Lumber Co. 119 Minn. 479, 138
N. W. 781, 42 L.R.A.(N.S.) 872, and hence not lienable.

Judgments reversed.