# GEORGE MESSERALL AND ANOTHER v. FRED DREYER AND ANOTHER.[1]

July 7, 1922.

No. 22,655.

**Logger's lien for labor of employe.**
1. Under G. S. 1913, § 7058, giving a lien to whomever performs manual labor or other personal service for hire in cutting or hauling of logs, one may have a lien for the manual labor of another employed by him and for the work of teams in and necessary to the performance of such labor.

**Court may submit to jury any question of fact—issues submitted after hearing counsel.**
2. On the trial of issues by the court it is always within the power of the court on its own motion to submit to a jury any specific question of fact involved therein and suitable for submission to a jury. The court may do so without previous settling of issues.

**Lien statement need only follow statute.**
3. Under section 7059, G. S. 1913, it is not necessary that the lien statement allege a demand or that the laborer was discharged or the employment terminated by completion of the work. The statement is sufficient if it contains the things which the statute specifically requires.

Action in the district court for Hubbard county to recover a balance of $436.98 for work, labor and services in cutting and skidding logs and to enforce a lien therefor. The case was tried before Wright, J., who at the close of the testimony denied defendants'

[1]Reported in 189 N. W. 446.

separate motions to withdraw the case from the jury or for a directed verdict, and a jury which assessed plaintiffs' damages at $436.18. The court made findings and decreed that plaintiffs were entitled to a lien upon the logs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*E. E. McDonald,* for appellant.

*John L. Brown,* for respondents.

HALLAM, J.

The trial court found that plaintiffs, father and son, were partners engaged in the cutting and skidding of logs and that as such partners they "performed certain work, labor, and services for said defendant Dreyer by themselves and team and at the special instance and request of * * * Dreyer," and at an agreed price, in cutting and skidding certain logs and in skidding certain logs cut by others. A jury was impaneled. No issues had been framed for submission to the jury. The court on its own motion submitted "the issue of what was due plaintiffs for the work they did." The jury found the amount due to be $436.18. The court thereafter made findings in which he incorporated the jury's verdict as to the amount due and found that plaintiffs were entitled to a lien upon the logs which were the subject of the labor performed. From the judgment entered defendants appeal.

1. Defendants contend that plaintiffs were in fact contractors and performed this work as such, utilizing the labor of others and using teams and that the statute gives to them no right of lien.

The statute reads "whoever performs manual labor or other personal service for hire in or in aid of the cutting, hauling * * * any logs * * * or other timber shall have a lien thereon for the price or value of such labor or service." G. S. 1913, § 7058.

Plaintiffs performed the greater part but not all of the manual labor of cutting and skidding these logs. They did utilize the labor of another member of the family. Some logs were "hauled," probably by horses. We think plaintiffs are nevertheless entitled to a lien. The labor performed was manual and the work of the teams was necessary to the performance of such labor.

In Martin v. Wakefield, 42 Minn. 176, 43 N. W. 966, 6 L. R. A. 362, it was held that "manual labor," as those words were used in the statute then in force, "includes the use and earnings of all implements, instrumentalities or agencies, such as axe, canthook, team, or the like, which are actually used in and necessary to the performance of such labor by the lumberman or logger," and it was held that one who furnished a team and teamster to a contractor to haul logs at a gross price for both is entitled to a lien, even though the man and the team during a great part of the time worked separately.

In Breault v. Archambault, 64 Minn. 420, 67 N. W. 348, 58 Am. St. 545, it was held that the same language included labor of plaintiff's team and servants. Plaintiff performed no work in person, but did so through her servants, and, for their services and the work done by her teams, it was held she was entitled to a lien.

In McKinnon v. Red River Lumber Co. 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872, it was held that the owner of horses who hires them to a contractor for use in hauling logs, the owner neither providing teamsters nor men to care for the horses, nor performing any manual labor himself, is not entitled to a lien. But it was said arguendo: "The owner of horses, machinery or tools who leases his equipment to a contractor certainly does not 'perform manual labor or other personal service for hire.' * * * The contractor has a lien for his own and his employes' labor, and for the use of all instrumentalities, including teams, which are actually used in and necessary to the performance of such labor by the contractor and his employes." We follow these decisions. It seems clear that, though plaintiffs had a helper and used horses in their work, they are entitled to a lien under the statute.

2. Defendants complain in that the court submitted the question of the amount of plaintiffs' claim to a jury. We think there was no error here. It is true neither party was entitled to a jury trial as a matter of right. The trial of issues by the court is always "subject to the right of the * * * court to order, that the whole issue, or any specific question of fact involved therein, be tried by a jury." G. S. 1913, § 7792. This means that when the issues are suitable for submission to a jury the discretion of the court is absolute. It may

on its own motion submit any such issue to a jury without regard to the wishes of the parties. Jordon v. White, 20 Minn. 91; Sumner v. Jones, 27 Minn. 312, 314, 7 N. W. 265; Cobb v. Cole, 44 Minn. 278, 46 N. W. 364; Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122; Schmidt v. Schmidt, 47 Minn. 451, 50 N. W. 598; Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, 34 L. R. A. 384, 61 Am. St. 419; Banning v. Hall, 70 Minn. 89, 72 N. W. 817. It is the better practice that issues to be submitted to the jury be settled after hearing counsel, but this is not necessary. The court has the power to submit specific issues of fact to a jury without previous settling of issues. Russell v. Reed, 32 Minn. 45, 19 N. W. 86; Banning v. Hall, supra.

3. Claim is made that the lien statement is not sufficient. The statute provides that: "If the indebtedness  *  *  *  be not paid within five days after demand therefor made upon the debtor in person, or upon some agent or clerk of the debtor at his business office, the lienholder" may file a lien statement, "setting forth his post-office address, the dates of beginning and ending the labor or service, the rate of compensation agreed upon or claimed, the sums, if any, paid thereon, the amount then due, a description of the logs or other timber on which the lien is claimed and the fact of such claim," provided that, in the event the labor or service is terminated by the direction or act of the employer or by the completion of the work, no demand shall be necessary and the lien statement may be filed at once. G. S. 1913, § 7059.

Defendant contends that the lien statement must contain a statement of the existence of at least one of these conditions, that is, that a demand was made or that the person performing the labor or service was discharged or the employment terminated by the completion of the work.

No doubt pleading and proof of at least one of these conditions is essential to the recovery of a judgment establishing a lien. Kenny & Anker v. Duluth Log Co. 128 Minn. 5, 150 N. W. 216. But whether such allegation must be embodied in the lien statement is quite another question. We are of the opinion that this is not necessary. The statute provides in detail what the lien statement shall contain. In our opinion it need not contain more than the things the statute

requires.    It is not necessary that a lien statement shall contain all the facts necessary in a complaint to enforce the lien, unless the statute so requires.    Hurlbert v. New Ulm Basket Works, 47 Minn. 81, 49 N. W. 521.

Judgment affirmed.