PETER NOBLET *vs.* L. G. ST. JOHN and others.

June 7, 1882.

Fraudulent Conveyance defeated by Title Paramount—Reconveyance
by Holder of such Title to the Fraudulent Grantee—Rights of Cred-
itors of Fraudulent Grantor.—In 1870, L. G. St. John executed to B.
a mortgage for $6,000 on real estate, without any consideration, but for
the purpose of enabling B. to hypothecate it to raise money for the use of
a firm, of which the two were partners. B. borrowed $5,000 of K. & F.,
and assigned the mortgage as security, K. & F. having no notice that it
was without consideration. April 16, 1874, there being then due them
from B. $3,100 of the money so borrowed; they foreclosed the mortgage
under the power, claiming to be due on it all that appeared by its terms
to be due, and they became the purchasers. January 13, 1873, L. G. St.
John became indebted to plaintiff, who recovered and docketed judgments
against him on account thereof, March 14, 1874. On April 3, 1873, L. G.
St. John, with intent to defraud plaintiff, conveyed the real estate, part
to R. L. B., and part to J. B., each knowing of the fraudulent intent. Aft-
erwards, and before the time to redeem from the foreclosure expired, J.
B. procured insurance upon a house on the part conveyed to him; the
house was burned, and he collected the insurance. After the foreclosure,
and before the time to redeem expired, K. & F. agreed orally with J. B.
and M. C. St. John, that after the time to redeem should expire, if there
should be no redemption, they would convey the real estate to said J. B.
and M. C. St. John on being paid the amount due them from B., with
costs of foreclosure and interest. There being no redemption, they did so
convey to J. B. and M. C. St. John, each paying half the amount agreed
on; J. B. paying his half in part with money so collected by him for in-
surance. *Held,* that an action to subject the real estate to plaintiff's judg-
ments will not lie.

Plaintiff brought this action in the district court for Fillmore county
to subject to his execution, issued on judgments recovered by him
against defendant L. G. St. John, certain lands formerly owned by
that defendant, but fraudulently conveyed and mortgaged, as alleged
by plaintiff, to the other defendants.

The action was tried by *Stearns, J.,* (acting for the judge of the 10th
district,) without a jury, and judgment rendered for defendants, from
which plaintiff appeals.

*H. R. Wells,* for appellant.

*N. P. Colburn,* for respondent.

GILFILLAN, C. J.    May 5, 1870, L. G. St. John executed to one Barnard a mortgage for $6,000 on the real estate in controversy. There was no consideration between mortgagor and mortgagee for the mortgage, but it was executed to enable Barnard, by hypothecating it, to raise money for the use of a firm of which mortgagor and mortgagee were members.    Barnard borrowed $5,000 from Kimball & Farnsworth and assigned to them the St. John mortgage as collateral security.    They foreclosed the mortgage under the power of sale and bid in the property, April 16, 1874.    At the time of the foreclosure, there was due from Barnard to them, of the debt for which the mortgage was assigned as collateral, the sum of $3,100.    Kimball & Farnsworth had no notice that the mortgage was, as between mortgagor and mortgagee, without consideration.    In the notice of foreclosure sale they claimed to be due the whole amount due by its terms, and bid in the property for that amount, with expenses of sale.    January 3, 1873, L. G. St. John became indebted to plaintiff, who recovered judgments on such indebtedness March 14, 1874, one for $1,138.65 and one for $1,918.06, both docketed the same day. April 3, 1873, L. G. St. John, with intent to hinder, delay and defraud the plaintiff of his said demands, conveyed part of the land in controversy to R. L. Broadwater, his daughter, and part to Joseph Broadwater, his son-in-law, each of whom, at the time of such conveyance, knew of such fraudulent intent.    Joseph Broadwater procured a house on the part conveyed to him to be insured, and before the conveyance by Kimball & Farnsworth it was burned, and he received the amount for which it was insured.    Before the end of the time to redeem from said foreclosure sale, it was orally agreed between said Kimball & Farnsworth and the defendants M. C. St. John and Joseph Broadwater, that, after the time for redemption should expire, if said premises should not be redeemed, said Kimball & Farnsworth would convey all their interest in said premises to said M. C. St. John and Joseph Broadwater, on being paid the full amount of the said indebtedness of Barnard to them, with costs of foreclosure and interest to the time of such payment.    The premises were not redeemed, and,

after the time expired, pursuant to such oral agreement, Kimball &
Farnsworth conveyed them to said M. C. St. John and Joseph
Broadwater, each of them paying one-half the amount so agreed on.
Joseph Broadwater paid his half in part with the money received by
him for insurance of the house.    The action is brought to subject the
land to the lien of plaintiff's judgments.

There is nothing in the case to impeach the title of Kimball &
Farnsworth under their foreclosure; there is nothing to suggest that
they did not act in perfect good faith in all that they did.    The case
then stands thus:    By their foreclosure Kimball & Farnsworth ac-
quired a title which was superior to and defeated not only the fraud-
ulent conveyance to the Broadwaters, but also all the rights of plain-
tiff in respect to the land as creditor of L. G. St. John.    That title is
in no manner dependent on or affected by the fraudulent conveyance.
They could convey it so that it would be held by their grantees just
as they held it, unless the grantees were under some duty or obliga-
tion to provide for or protect the estate against the mortgage under
which it was acquired.    Though the title to the equity of redemption
in the part of the premises conveyed by L. G. St. John to Joseph Broad-
water was, by reason of the fraudulent intent, voidable as to plaintiff,
and might, so long as it continued, be subjected to his judgments, it
created no duty on the part of Broadwater to preserve it so that
plaintiff could reach it, or to prevent it being defeated by the mort-
gagee.    Much less did it create any obligation on his part to protect
plaintiff's rights against the mortgage.    Neither Joseph Broadwater
nor M. C. St. John stood in any such relation to the mortgage as to
prevent his taking and holding the title acquired by its foreclosure the
same as any one else might.    Nor is Broadwater's right to hold the
title affected by the fact that part of the consideration paid by him to
Kimball & Farnsworth consisted in money which he received from
the insurance on the house.    Plaintiff cannot claim to be put in any
better position by reason of Broadwater procuring and collecting the
insurance than he would have been in had the latter done nothing.
The rights of plaintiff could not be prejudiced by the acts of Broad-
water in that regard.    The money so received stood upon a different
footing from money received by the holder of the fraudulent title for

a conveyance by him to a *bona fide* purchaser; for in such case the creditor is prejudiced, the real estate is put beyond his reach, and it is but just that the proceeds of the conveyance placing it beyond its reach should stand in its place.

Judgment affirmed.