## DANIEL W. DIMOCK *vs.* ELIZABETH B. RIDGEWAY.

Plymouth.    October 19, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Deed — Fraud — Sale on Execution — Valid Title.*

Where a wife's possibly fraudulent title obtained from her husband has been devested by a sale on execution, in an action against her husband, to one who conveys the land to the wife, the title which she thus acquires, and which she conveys by mortgage and again obtains by foreclosure, is not a fraudulent but a valid title, and a writ of entry by a creditor of her husband, who has attached all the husband's interest in the land after the foreclosure and purchased the same at the sale on execution, will not lie against the wife.

---

WRIT OF ENTRY, dated January 26, 1897, to recover a parcel
of land in Brockton, the demandant having, on September 29,
1896, attached all the interest of the tenant's husband therein,
and having purchased the same at the sale on execution on Jan-
uary 2, 1897.   Plea, *nul disseisin.*   Trial in the Superior Court,
before *Wardwell,* J., who directed a verdict for the tenant; and
the demandant alleged exceptions.

*E. F. Leonard,* for the demandant, submitted the case on a
brief.

No counsel appeared for the tenant.

BARKER, J.   The tenant's title goes back to March 27, 1882,
when the land held in fee by her husband was attached as his,
in a suit which resulted in a sale on execution to one who con-
veyed the land to the tenant.   During the pendency of the suit,
on April 28, 1882, the husband's title was transferred to the
tenant, by conveyances which the evidence tended to show were
fraudulent as to the husband's creditors then having claims
against him.   On March 18, 1884, the tenant mortgaged the
land, for a valid consideration, to one who took the mortgage
in good faith, and had no notice of any fraud.   This mortgage
was foreclosed by sale on January 29, 1885, and on the same
day the purchaser's title was conveyed to the tenant.   The hus-
band became indebted to the demandant after the date of the
mortgage, and on September 29, 1896, the demandant sued the
husband and attached the lands as his property, the record title
to which stood in the name of the tenant, and he seeks to re-
cover on a sale of the lands made in pursuance of this attach-
ment.   His exception is to a ruling that under the foreclosure
the tenant had obtained before the demandant's attachment the
title of an innocent purchaser for value, and that therefore the
demandant could not recover.

The demandant concedes it to be the rule that an innocent
purchaser for value can convey good title, but contends that
when the title becomes revested in a party to the original fraud
it may be reached in his hands, as though he had never parted
with it.   It is unnecessary to consider this question, because, if
the conveyances of April 28, 1882, were fraudulent, as the evi-
dence tended to show, the title which the tenant acquired by
them was devested by the execution sale in pursuance of the

attachment of March 27, 1882, and the title which she thus acquired, and which she conveyed by the mortgage and again obtained by its foreclosure, was not a fraudulent but a valid title derived from the attachment of March 27, 1882.

*Exceptions overruled.*