## ROSANNA HUTCHINS v. JOE BASSIN.[1]

January 28, 1927.

No. 25,806.

**In suit to set aside foreclosure for fraud, plaintiff must allege facts constituting fraud.**

In an action to set aside a mortgage foreclosure on the ground of fraud, plaintiff must set forth the facts constituting the alleged fraud. Merely stating that defendant foreclosed his mortgage for the purpose of defrauding plaintiff of her property without showing any wrongful conduct on his part is not sufficient.

Mortgages, 41 C. J. p. 1026 n. 89 New; p. 1031 n. 60.

Plaintiff appealed from the judgment of the district court for Hennepin county, Baldwin, J., entered on the pleadings. Affirmed.

*Herbert T. Park*, for appellant.

*Brill & Maslon*, for respondent.

TAYLOR, C.

Plaintiff was the owner of a parcel of real estate in the city of Minneapolis subject to a first mortgage of $70,000 held by the Investors Syndicate, and to a second mortgage of $40,000 held by defendant. Defendant foreclosed his mortgage by advertisement and bid in the property at the sale. After the time for redemption expired, plaintiff brought this action to set aside the foreclosure sale. The court rendered judgment for defendant on the pleadings and plaintiff appealed.

Plaintiff alleged that one Richter had brought an action against her and others to set aside the deed by which the property had been conveyed to her; that defendant was appointed receiver of the property in that action and took possession of it as such receiver; and that while acting as such receiver he foreclosed his mortgage, "with intent to defraud and cheat and deprive the plaintiff of her right, title and interest in and to said property."

[1] Reported in 212 N. W. 202.

The regularity of the foreclosure proceedings is not questioned, and the fact that defaults existed which by the terms of the mortgage gave defendant the right to foreclose it is also not questioned.

Plaintiff bases her appeal on the claim that the pleadings present an issue of fraud for trial. In pleading fraud, the facts constituting the fraud must be specifically alleged. A general charge of fraud is not sufficient. Dun. Dig. § 3836, and citations. The only facts stated as constituting the alleged fraud are that defendant was in possession of the property as receiver and foreclosed his mortgage while so in possession. We do not understand plaintiff to claim that the fact that defendant went into possession of the property under his appointment as receiver in the Richter action in itself took away or suspended his right to foreclose his mortgage under the power of sale contained therein; at least the brief makes no such claim. See Fleming v. McCutcheon, 85 Minn. 152, 88 N. W. 433. The sole claim seems to be that the charge that the foreclosure was made with intent to defraud plaintiff of her interest in the property raised an issue of fraud for trial. But doing merely what the law gives a right to do does not constitute fraud. Dun. Dig. § 3831. Where the holder of a mortgage has the legal right to foreclose it and merely exercises that right, fraud cannot be predicated upon his motive or purpose in exercising it. A charge of fraud cannot be sustained unless unlawful or wrongful acts are shown.

Both the complaint and the reply make reference to the files and records in the Richter case for a more complete statement of matters relating to the receivership, and this record was before the court and treated as a part of the pleadings in the present case. It appears therefrom that defendant was appointed receiver pursuant to a stipulation to which plaintiff was a party. The stipulation recites that monthly payments were to be made on both mortgages and that such payments on both mortgages were past due and in default, and provided that defendant should collect the rents and, after paying the necessary expense of caring for the property, should pay certain specified amounts monthly to the holder of the first mortgage and should apply whatever was left upon the past due instal-

ments of his own mortgage. The stipulation contains a provision, assented to by the holders of both mortgages, to the effect that for a period of 18 months neither mortgage should be declared due by reason of any default, but that either might be foreclosed at the end of that time if a default then existed. The foreclosure was not made until after the expiration of the 18 months.

Whether the pleadings in the present case be considered as standing by themselves or as supplemented by the record in the Richter case, we are satisfied that the learned trial court was correct in holding that no cause of action was stated against defendant, and its judgment is affirmed.