## WILLIAM E. HUMPHREY v. LESLIE T. McCLEARY AND OTHERS.[1]

April 29, 1927.

No. 25,948.

**When foreclosure of mortgage divests rights of creditors and grantees.**

1. Where land conveyed to defraud creditors is subject to a mortgage prior and paramount to the claims of such creditors, the foreclosure of the mortgage divests all rights under the fraudulent conveyance and all rights of the creditors to reach the land.

[1]Reported in 213 N. W. 892.

**When grantee of fraudulent conveyance may acquire title free from claims of creditors.**

2. The grantee in the fraudulent conveyance owes no duty to the creditors to protect the property from the mortgage, and may acquire title thereunder free from their claims.

Fraudulent Conveyances, 27 C. J. p. 678 n. 11.
Mortgages, 27 Cyc. p. 1794 n. 93.

Action in the district court for Murray county to have certain deeds declared fraudulent. Defendants Bowen appealed from an order, Nelson, J., overruling their separate demurrers to the complaint. Reversed.

*Ivan Bowen* and *LeRoy Bowen*, for appellants.
*C. B. Elliott* and *N. M. Coursolle*, for respondent.

TAYLOR, C.

Appeal by defendants Bowen from an order overruling their demurrers to the complaint, the court having certified that the questions raised are important and doubtful.

The facts set forth in the complaint in much detail are to the effect that James T. McCleary, by fraudulent misrepresentations, induced plaintiff to purchase 50 shares of worthless corporate stock for the sum of $5,000; that afterwards, by direction of James T. McCleary, his son, defendant Leslie T. McCleary, by falsely representing that he possessed a large amount of property including two farms in Minnesota, induced plaintiff to resell this stock to him Leslie T., and to take his unsecured promissory note for the purchase price; that both James T. and Leslie T. McCleary were insolvent; that James T. owned the farms when he sold the stock to plaintiff; that the McClearys and defendants Bowen entered into a conspiracy to defraud plaintiff by placing the farms beyond his reach; and that to accomplish such fraudulent purpose James T. conveyed the farms to Leslie T. without consideration and Leslie T., shortly before repurchasing the stock from plaintiff, conveyed the farms to defendants Bowen without consideration.

Plaintiff brought a prior action upon the same cause of action in which he made James T. McCleary a defendant and in which he set forth the same transactions above mentioned. Defendants Bowen demurred to the complaint in the prior action, and upon appeal to this court the complaint was sustained as alleging sufficient facts to constitute a cause of action against James T. McCleary and to entitle plaintiff to set aside the conveyance of the farms to defendants Bowen as fraudulent as to the creditors of the McClearys. Humphrey v. McCleary, 159 Minn. 535, 198 N. W. 132. Thereafter plaintiff dismissed that action without prejudice and commenced the present action. James T. McCleary, having died, is not named as a defendant in the present action; and the Moreharts, named as defendants in the present action, were not parties to the prior action. In the present action plaintiff asks for judgment against Leslie T. McCleary for the amount of his promissory note and that it be declared a lien on the lands conveyed to the Bowens.

The decision in the former action is decisive that the complaint states sufficient facts to entitle plaintiff to subject the lands to the payment of his claim, unless the additional facts set forth in the present complaint show that the lands have now passed beyond his reach.

Such additional facts are to the effect that each of the farms was subject to a mortgage of $2,500 placed thereon prior to any of the transactions involved herein; that without plaintiff's knowledge defendant W. J. Morehart purchased and foreclosed these mortgages and bid in the lands; and that no redemption was made from the foreclosure sales and title to the lands has vested in Morehart thereunder. The complaint also contains allegations to the effect that the lands are worth several times the amount of the mortgages; that Morehart acted for and on behalf of defendants Bowen in purchasing and foreclosing the mortgages; that he holds the title for their benefit; and that he had knowledge of all the facts, and purchased and foreclosed these mortgages in execution of a fraudulent arrangement between him and the other defendants to place the lands beyond plaintiff's reach.

That the mortgages were valid and prior and paramount to any claim of plaintiff and were duly and regularly foreclosed is unquestioned. But plaintiff contends that he is entitled to subject the lands to the payment of his claim against defendant McCleary for the reason that defendants Bowen failed to redeem and defendant Morehart bid in the property for them and holds the title for their benefit.

In Noblet v. St. John, 29 Minn. 180, 12 N. W. 527, the defendant L. G. St. John, to defraud the plaintiff, conveyed certain land to the defendants Broadwater, who had knowledge of the fraudulent purpose. Kimball & Farnsworth, holders of a prior mortgage, foreclosed it and bid in the property. Before the time to redeem expired the defendants M. C. St. John and Joseph Broadwater arranged for a conveyance to them of the property for the amount of the foreclosure if no redemption was made. None was made and the property was conveyed to them. The court [at page 182] said:

"By their foreclosure Kimball & Farnsworth acquired a title which was superior to and defeated not only the fraudulent conveyance to the Broadwaters, but also all the rights of plaintiff in respect to the land as creditor of L. G. St. John. That title is in no manner dependent on or affected by the fraudulent conveyance. They could convey it so that it would be held by their grantees just as they held it, unless the grantees were under some duty or obligation to provide for or protect the estate against the mortgage under which it was acquired. Though the title to the equity of redemption in the part of the premises conveyed by L. G. St. John to Joseph Broadwater was, by reason of the fraudulent intent, voidable as to plaintiff, and might, so long as it continued, be subjected to his judgments, it created no duty on the part of Broadwater to preserve it so that plaintiff could reach it, or to prevent it being defeated by the mortgagee. Much less did it create any obligation on his part to protect plaintiff's rights against the mortgage. Neither Joseph Broadwater nor M. C. St. John stood in any such relation to the mortgage as to prevent his taking and holding the title acquired by its foreclosure the same as any one else might."

The rule is the same in other jurisdictions and is said to follow from the principle that the holder of a prior valid right in or lien on the land is "entitled to sell to whomsoever will buy." Funkhouser v. Lay, 78 Mo. 458, was much like the case at bar. The title was conveyed to Charlotte Lay without consideration for the purpose of defrauding creditors of the former owner. At the foreclosure of a prior valid trust deed she bid in the property and gave back a new trust deed to the holder of the original trust deed for the greater part of the purchase price. The court in a well considered opinion held, in effect, that she had the same right as any other to purchase from the holder of the prior mortgage and that the title so acquired was free from all rights and interests derived from or through the mortgagor subsequent to the execution of the mortgage. To the same effect are Dimock v. Ridgeway, 169 Mass. 526, 48 N. E. 338; Seals v. Pheiffer & Co. 77 Ala. 278; and Spindler v. Atkinson, 3 Md. 409, 56 Am. Dec. 755.

The original holders of the mortgages involved herein had the legal right to foreclose them, and a purchaser from them has the some right unless under some obligation to satisfy the mortgages or protect the property from them. Foreclosing a mortgage which the holder has the legal right to foreclose does not in itself constitute fraud. Hutchins v. Bassin, 170 Minn. 126, 212 N. W. 202. Here the Bowens owed no duty to plaintiff to protect the lands from the prior mortgages; and these mortgages having been foreclosed and the title acquired by the purchaser at the foreclosure sales having become absolute by expiration of the period for redemption, all rights under the fraudulent conveyances or derived from or through transactions with the McClearys subsequent to the giving of the mortgages have been divested and terminated.

The title of Morehart is not derived through the fraudulent conveyances, but through the mortgages which are prior and paramount to any claim of plaintiff and to which no taint of fraud is attached, and plaintiff cannot subject that title to the payment of his claim.

Order reversed.