# TWIN PORTS OIL COMPANY v. WALTER R. WHITESIDE AND OTHERS.
## ARTHUR W. KING, JR. AND ANOTHER, RESPONDENTS.[1]

June 30, 1944.

No. 33,790.

*Leslie S. High,* for appellant.

*Fryberger, Fulton & Boyle,* for respondents.

[1]Reported in 15 N. W. (2d) 125.

JULIUS J. OLSON, JUSTICE.

This was a suit to set aside a sheriff's certificate of sale upon foreclosure by advertisement of a real estate mortgage. Defendants Arthur W. King, Jr. and the Woodruff Lumber Company demurred upon the ground that the complaint "does not state facts sufficient to constitute a cause of action against either of them." The court sustained the demurrer. Plaintiff made no move to amend, and judgment was entered, from which plaintiff appealed.

We gather from the complaint these facts: Prior to 1930, defendant Whiteside acquired title to the premises involved. During that year and the one following he made extensive improvements "for establishment of a resort upon said premises." During the years 1930 and 1931, plaintiff furnished Whiteside with gasoline, oil, and grease used in trucks and other equipment employed in improving the property. Whiteside failed to pay the debt incurred thereby, and, as a consequence, on February 23, 1937, plaintiff recovered a personal judgment against him for $1,517.48. An execution later issued was returned wholly unsatisfied. It is further alleged that the lumber company sold Whiteside lumber and other building material, also used in improving these premises, and that in December 1931, because of his indebtedness for the same, Whiteside gave the company his note for $3,090, due three years from date. To secure the note, Whiteside executed a mortgage, promptly recorded and registered, and "thereby said mortgage became a lien upon all of the premises hereinbefore described." Next, in March 1938, the lumber company proceeded to foreclose its mortgage by advertisement. The foreclosure proceedings are fully pleaded, and no fault in respect to statutory requirements is suggested. The sheriff's sale was stated in the notice of foreclosure to take place on April 16, 1938, and at that time the sheriff struck off and sold the premises to the lumber company for $3,982.20, the amount claimed in its notice of foreclosure sale, with interest and expenses of the sale. The certificate was promptly recorded.

In the remainder of the complaint plaintiff frequently uses the expressions "pretended sale" and "said pretended sale." Just what

pretense is involved is not disclosed. About the only inference one can draw from the complaint as a whole is that plaintiff was suspicious about the foreclosure sale because, after it was held and after the year permitted by law for redemption had expired, Whiteside remained in possession and has made further improvements. King's interests are derived from an assignment by the lumber company. His rights are, of course, no greater or less than those acquired by the lumber company as purchaser at the sale. Plaintiff, in its prayer for relief, does not seek to disturb the mortgage; only the sale is challenged and only for the reasons stated.

■ We have frequently said, as in Baker v. Habedank, 202 Minn. 231, 277 N. W. 925, 926, that "the primary function of a complaint is to state the facts constituting a cause of action so as to apprise the defendants of what the plaintiff relies upon and intends to prove." In Bryant v. Rand, 178 Minn. 375, 376, 227 N. W. 214, we held that "as against a general demurrer a complaint must not leave to remote and difficult inference any essential of the cause of action relied upon." In Hollister v. Ulvi, 199 Minn. 269, 277, 271 N. W. 493, 497, we said: "In passing upon the issues presented by the demurrer we may not act upon mere suspicion, or jump at what may be wholly unwarranted conclusions."

■ We agree with these views of the trial court:

"In this case the legality of the foreclosure proceedings is not questioned, and the fact that defaults existed which by the terms of the mortgage gave the mortgagee the right to foreclose it is also not questioned." Also, the mere fact of Whiteside being "still in possession of the premises is not proof" of any "fraudulent intent or fraudulent agreement. He may be in possession by reason of any number of perfectly proper and legal situations. In this case the mortgagee merely did what the law gave it the right to do, that is, foreclose the mortgage after the mortgagor was in default for a long period of time."

The court cites Hutchins v. Bassin, 170 Minn. 126, 127, 212 N. W. 202, 203, in support of its conclusions. That case fully sustains the court and is clearly in point. Here, as in that case:

"* * * In pleading fraud, the facts constituting the fraud must be specifically alleged. A general charge of fraud is not sufficient. * * * The sole claim seems to be that the charge that the fore-closure was made with intent to defraud plaintiff of her interest in the property raised an issue of fraud for trial. But doing merely what the law gives a right to do does not constitute fraud. * * * Where the holder of a mortgage has the legal right to foreclose it and merely exercises that right, fraud cannot be predicated upon his motive or purpose in exercising it. A charge of fraud cannot be sustained unless unlawful or wrongful acts are shown."

Plaintiff's blunderbuss barrage of mere suspicion does not spell fraud, overreaching, or other misconduct.

Judgment affirmed.